The STATE of Ohio, Appellee,

v.

BOLTON, Appellant.

[Cite as *State v. Bolton* (2001), 143 Ohio App.3d 185.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78034.

Decided May 14, 2001.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Ralph A. Kolasinski,* Assistant Prosecuting Attorney, for appellee.

*John P. Parker,* for appellant.

Colleen Conway Cooney, Judge.

Defendant-appellant Freddie Bolton appeals from the sentence imposed by the trial court. Defendant argues that the trial court failed to comply with R.C. 2929.14(E)(4) in imposing consecutive sentences, that the trial court failed to

comply with R.C. 2929.14(C) in imposing the the maximum sentence, and that the trial court violated the defendant's right to allocution. We find merit to the appeal and vacate the sentence and remand for resentencing.

Defendant was indicted on September 3, 1998, on six counts of rape, one count of attempted rape, and five counts of gross sexual imposition, with all twelve counts containing a sexually violent predator specification. On November 16, 1998, the defendant retracted his not guilty plea and entered a plea of guilty to two amended counts of rape with sexually violent predator specifications. As part of the plea bargain, the prosecutor deleted the force element from these two counts. The defendant also entered a plea of guilty to one count of gross sexual imposition. The remaining counts were nolled.

On December 15, 1998, the defendant was sentenced to ten years on each count of rape and five years on the gross sexual imposition count. All terms were run consecutively for a total term of twenty-five years. By stipulation, the defendant agreed to be categorized as a sexual predator.

The defendant appealed his plea and sentencing to this court, and we subsequently affirmed the plea but reversed and remanded for resentencing. *State v. Bolton* (Feb. 24, 2000), Cuyahoga App. No. 75865, unreported, 2000 WL 217763. We found that the trial court failed to make the required findings in imposing the maximum sentence and in imposing consecutive sentences pursuant to R.C. 2929.14(C) and 2929.14(E), respectively.

On remand, the trial court resentenced the defendant. After reviewing the terms to which the trial court had previously sentenced the defendant, the trial court stated the following:

"* * * At the time of sentencing, the original sentencing in December of '98, the State, the Defendant and the victim were given an opportunity to elocute.

"Based upon the opinion of the Eighth District Court of Appeals, this Court will sentence, pursuant to the Revised Code, terms of ten years on each of Counts 1 and 2 and five years on Count 12, to be served consecutive to one another.

"The Court also finds the Defendant to be a sexual predator once again. The Court makes this finding based upon the fact that the offender committed the worst form of an offense. And, the consecutive terms are necessary not only to punish him, but to protect the public.

"It is the Court's recollection that the Defendant exposed, in fact, the victim in this case contracted a sexually transmitted disease, to-wit, gonorrhea, during the course of these attacks upon her.

"The terms imposed are not disproportionate to the seriousness of his conduct and danger that he poses to the public.

"That's all."

Both the prosecutor and defense counsel attempted to thereafter speak and were prevented from doing so by the trial court.

The defendant appeals from the trial court's resentence and assigns three assignments of error. We will address the assignments of error in the order asserted.

"I. The appellant's sentence is contrary to Ohio law in that the consecutive sentences were imposed in violation of [R.C.] 2929.14(E)(4)."

■ Defendant argues that the trial court erred in sentencing him to consecutive sentences without making the required findings set forth in R.C. 2929.14(E)(4).

R.C. 2929.14(E)(4) governs the imposition of consecutive sentences and states:

"(E)(4) If multiple prison terms are imposed upon an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and if the court also finds any of the following:

"(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

"(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.

"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

This court in *State v. Albert* (1997), 124 Ohio App.3d 225, 230, 705 N.E.2d 1274, 1277, found that the trial court must explicitly engage in the analysis set forth in the statute when ordering consecutive sentences.

■ Review of the sentencing transcript in the present case indicates that the trial court did not make a finding that any of the conditions in (a), (b), or (c) existed. Although the prosecutor argues that the trial court complied with this requirement during the original sentencing, we find that when a sentence is "reversed and remanded," the entire sentence is reversed, not just a portion thereof. R.C. 2953.08(G)(1) gives the court of appeals the power only to modify

or vacate and remand a sentence on appeal. We do not have the power to vacate just a portion of the sentence. Therefore, the trial court must conduct a complete sentencing hearing upon resentencing a defendant.

 Furthermore, this court in the prior appeal found that the trial court failed to make a finding of any of the listed conditions in (a), (b), and (c). *State v. Bolton, supra,* at 7.

Defendant's first assignment of error is sustained.

"II. The trial court's finding that each count merited the maximum sentence is not supported by the record and such sentence must be vacated as contrary to Ohio law."

Defendant argues that the trial court failed to make the requisite finding pursuant to R.C. 2929.14(C) in ordering the maximum sentence.

 In imposing the maximum sentence, the trial court must follow R.C. 2929.14(C), which states:

"[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *."

The Supreme Court in *State v. Edmonson* (1999), 86 Ohio St.3d 324, 715 N.E.2d 131, recently addressed the principles governing minimum and maximum sentences. Relevant to the case before us, the Supreme Court stated that in order to lawfully impose the maximum term for a single offense, the record must reflect that the court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C). *Id.* at 329, 715 N.E.2d at 135. In *Edmonson,* the Supreme Court found that the trial court's findings were insufficient to impose the maximum sentence, stating as follows:

"[T]he Edmonson sentencing fails to record a finding that Edmonson fits within one of the categories of offenders in R.C. 2929.14(C). Obviously, without the finding itself, the court also fails to provide the necessary 'finding that gives its reasons.' R.C. 2929.19(B)(2)(d). With this record, we cannot confirm that the trial court heeded the enacted policy of the General Assembly meant for curtailing the imposition of maximum terms." *Id.*

In the present case, the trial court stated as follows in sentencing the defendant:

"The Court also finds the Defendant to be a sexual predator once again. The Court makes this finding based upon the fact that the offender committed the

worst form of an offense. And, the consecutive terms are necessary not only to punish him, but to protect the public."

The trial court therefore was making the worst-form-of-the-offense finding in conjunction with defendant's sexual predator status and not regarding the imposition of the maximum sentence. The court made no mention of any basis for imposing the maximum sentence. As stated in *Edmonson,* the purpose of making the requisite findings pursuant to R.C. 2929.14(C) is to assure that the court is "heeding the enacted policy by the General Assembly meant for curtailing the imposition of maximum terms." Because the trial court's findings were not made in reference to that statute, the trial court's findings are inadequate for supporting a maximum term.

The defendant's second assignment of error is sustained.

"III. The appellant's right to allocution under Crim.R. 32(A) and the Due Process Clause of the Federal Constitution were violated."

Defendant argues that the trial court erred when it failed to provide him an opportunity for allocution upon resentencing.

Crim. R. 32(A)(1) provides:

"(A) Imposition of sentence. * * * At the time of imposing sentence, the court shall do all of the following:

"(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."

The Ohio Supreme Court has recently determined that Crim.R. 32(A)(1) confers an absolute right of allocution. *State v. Campbell* (2000), 90 Ohio St.3d 320, 324–325, 738 N.E.2d 1178, 1188–1189. Furthermore, this court in *State v. Hlavsa* (Oct. 19, 2000), Cuyahoga App. No. 77199, unreported, 2000 WL 1545400, held that compliance with Crim.R. 32(A) was also mandatory upon resentencing.

A review of the sentencing transcript in the present case indicates that the trial court failed to afford defendant's counsel the opportunity to speak and did not address the defendant personally and ask whether he wanted to make a statement in mitigation of punishment as required pursuant to Crim.R. 32(A)(1). We therefore find that the trial court, in resentencing the defendant, must afford him the right of allocution and permit his attorney to address the court.

Defendant's third assignment of error is sustained.

*Sentence vacated and*
*cause remanded for resentencing.*[1]

TIMOTHY E. MCMONAGLE, P.J., and JAMES J. SWEENEY, J., concur.

---

1. Appellant's counsel requested during oral argument that this court remand with an instruction to the trial court to reassign the case to another judge. This court finds no authority to issue such an instruction.