JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Mark Rotarius appeals the resentencing by the trial court and claims that the trial court's sentence fails to comply with the sentencing guidelines. For the following reasons, we find merit to the appeal and vacate defendant's sentence and remand for resentencing.
 {¶ 2} On May 11, 2000, defendant was indicted for one count of possession of marijuana in an amount exceeding 20,000 grams, in violation of R.C. 2925.11 (a felony of the second degree with a mandatory term of incarceration of eight years) and preparation of marijuana for sale in an amount exceeding 20,000 grams, in violation of R.C. 2925.07 (a felony of the fourth degree).
 {¶ 3} On September 27, 2000, defendant was found guilty on both counts and sentenced to a mandatory term of eight years on the possession count and a consecutive maximum sentence of 18 months on the preparation for sale count.
 {¶ 4} Defendant appealed his conviction and sentence. On February 21, 2002, this Court affirmed the conviction but vacated the sentence and remanded for resentencing due to the trial court's failure to make findings on the record as to the imposition of consecutive sentences. SeeState v. Rotarius (Feb. 21, 2002), Cuyahoga App. No. 78766.
 {¶ 5} At the resentencing hearing on June 18, 2002, the trial court imposed the same sentence as had been originally imposed and stated the following, in pertinent part:
 {¶ 6} "This Court is going to state at this time, that as part of this sentencing structure, that the consecutive sentence is necessary to protect the public from future crimes, and to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of your conduct and to the danger the offender poses to the public.
 {¶ 7} "When the Court says this to you, the Court is saying that your conduct involved in the handling of these drugs, and the way you handled it, this Court believes that the public is at risk and that you pose a danger as a result of that.
 {¶ 8} "The Court further finds that the harm caused by these offenses was so great and unusual, that no single prison term adequately reflects the seriousness of the conduct.
 {¶ 9} "The offense was committed as part of a single course of conduct, and this Court finds that you made numerous trips back and forth from California, and they were consistent with heavy drug dealing.
 {¶ 10} "Although your counselor states that you have no criminal conduct previously, the testimony throughout the course is that, that was not just a one-time thing or one-time engagement.
 {¶ 11} "So the Court believes further crimes can be committed by you and the public needs to be protected from any future occurrences that may occur.
 {¶ 12} "The Court further finds that no single prison term-no single prison term for any single offense committed adequately reflects the seriousness of the crime committed or the harm done, or that your history indicates that consecutive sentences are necessary to protect the public from you.
 {¶ 13} "That's because this Court believes that's based upon the way you were involved with drugs, the sophistication of the transport and delivery, and the public is in danger of you committing future offenses."
 {¶ 14} Defendant appeals the trial court's resentencing and asserts three assignments of error. Assignments of Error I and II state:
 {¶ 15} "I. The trial court's decision to impose the maximum sentence for a fourth degree felony was error.
 {¶ 16} "II. The trial court's failure to impose the minimum prison term was error."
 {¶ 17} In these assignments of error, defendant maintains that the trial court failed to comply with R.C. 2929.14(B)and (C) when it deviated from imposing the minimum term of incarceration and imposed the maximum sentence. We agree.
 {¶ 18} Defendant was found guilty of preparation of drugs for sale which is a fourth-degree felony. Pursuant to R.C. 2929.14(A)(4), a trial court may impose a sentence of six to 18 months for a felony of the fourth degree. R.C. 2929.14(B) requires the court to impose the minimum term of six months imprisonment unless the court specifically finds that the minimum term will demean the seriousness of the defendant's conduct or will not adequately protect the public from future crime by the defendant. R.C. 2929.14(C) permits the court to impose the maximum term of 18 months imprisonment if it finds the defendant has committed the worst form of the offense or imposes the greatest likelihood of committing future crimes. In determining the length of a sentence, the court must comply with the purposes and principles of sentencing enumerated in R.C. 2929.11, bearing in mind the seriousness and recidivism factors listed in R.C. 2929.12.
 {¶ 19} An appellate court may not disturb a sentence imposed under felony sentencing law unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(2); State v. Garcia (1998), 126 Ohio App.3d 485, 487. When reviewing the propriety of the sentence imposed, an appellate court shall examine the trial court record, including the pre-sentence investigative report, and any oral or written statements made to or by the court at the sentencing hearing. R.C. 2953.08(F)(1)-(4).
 {¶ 20} Here, the trial court imposed the maximum sentence of 18 months for the preparation of drugs for sale count. However, the sentencing transcript reveals that the trial court did not specifically speak to the statutory language of R.C. 2929.14(B) or (C). Indeed, the sentencing transcript reveals that the trial court made no findings at all as to why it deviated from imposing the shortest prison term or imposed the maximum sentence. Rather, a review of the transcript shows that the trial court merely addressed the findings required by R.C. 2929.14
for the imposition of consecutive sentences.
 {¶ 21} When a case is remanded for resentencing, the trial court must conduct a complete sentencing hearing and must approach resentencing as an independent proceeding. State v. Gray (Jan. 30, 2003), Cuyahoga App. No. 81474, citing State v. Bolton (2000), 143 Ohio App.3d 185,188-189. Here, the trial court did not conduct a new sentencing hearing and did not approach the resentencing as an independent proceeding. Since reversal is required, the issues raised in the third assignment of error regarding the imposition of consecutive sentences is moot.
 {¶ 22} Assignments of Error I and II are well taken.
 {¶ 23} "III. The imposition of consecutive sentences was contrary to law."
 {¶ 24} Given our disposition of Assignments of Error I and II, we do not find it necessary to address Assignment of Error III, which is moot. App.R. 12(A)(1)(c).
Judgment reversed and remanded for resentencing.
ANN DYKE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.