JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from a sentencing order of Judge Kathleen A. Sutula imposed after appellant Jerry Smiley was convicted of aggravated murder with a firearm specification and having a weapon while under disability. He claims the judge erred when she failed to inform him that post-release control could be imposed as part of his sentence and requests resentencing to correct the error. The State concedes the claimed error, but suggests we remand "for the limited purpose of notification[.]" We dismiss the appeal as moot because post-release control is not part of Smiley's sentence.
{¶ 2} In September 1999, a jury found Smiley, then twenty-three years old, guilty of aggravated murder with a firearm specification, although not guilty of capital specifications, and guilty of having a weapon while under disability. He was sentenced to a prison term of twenty years to life for aggravated murder,[1] a mandatory consecutive three-year prison term for the firearm specification,[2] and a consecutive one-year prison term for having a weapon while under disability,[3] resulting in an aggregate sentence of twenty-four years to life. Smiley appealed, and this court affirmed his conviction but remanded for resentencing, finding the judge failed to satisfy statutory requirements for imposing consecutive sentences.[4]
{¶ 3} On April 9, 2001, the judge resentenced Smiley to the same consecutive prison terms, and he appeals again, stating a single assignment of error:
 {¶ 4} I. THE TRIAL COURT VIOLATED R.C. 2967.28(C) AND WOODS V. TELB (2000), 89 OHIO St.3d 504 [, PARAGRAPH TWO OF THE SYLLABUS,] WHEN IT FAILED TO INFORM APPELLANT THAT POST-RELEASE CONTROL WAS PART OF HIS SENTENCE.
{¶ 5} Smiley's fifth degree felony conviction for having a weapon while under disability subjected him to up to three years of post-release control at the discretion of the Adult Parole Authority.[5] His aggravated murder conviction and sentence, with its parole consequences, does not render a post-release control sentence inapplicable because R.C. 2967.28(F)(5) provides for its imposition where the defendant is also subject to a term of parole. Therefore, while the imposition of post-release control has little practical effect in Smiley's case, it is still technically applicable.
{¶ 6} Like any other sentence, a defendant must be advised that post-release control is part of his sentence before it can be imposed.[6]
The State concedes that Smiley was entitled to notice that post-release control was part of his sentence, that the judge did not so inform him and did not make it part of his sentence, and requests that we remand the case "for the limited purpose of notification in accordance with the requirements of R.C. 2929.19(B)(3)(b) and R.C. 2967.28." We find, however, that Smiley's appeal is moot and must be dismissed.
{¶ 7} Even though Smiley has specifically requested we correct this "error," we must find it moot because the judge's failure to notify him of post-release control means that it is not part of his sentence. InWoods v. Telb, supra, the Ohio Supreme Court held that post-release control does not violate the Ohio Constitution's separation of powers doctrine because it is part of the "judicially imposed sentence."[7] As a consequence, the Woods court held that a judge is required to notify a defendant of post-release control before it becomes part of his sentence.[8]
{¶ 8} The obverse is also true — the judge was not required to notify Smiley of post-release control if it was not part of his sentence, and he is not prejudiced by the failure to notify him of sentencing provisions that were not imposed.[9] Even though Smiley has requested resentencing, he has done so under the mistaken impression that post-release control is imposed automatically.[10] The State has not appealed the sentences despite its right to do so,[11] and we will not use Smiley's appeal as a means to remand his case for imposition of a greater sentence.[12]
{¶ 9} Moreover, although we do not attribute improper motives to Smiley, we should not allow offenders to claim sentencing "error" in their favor in order to obtain a full resentencing hearing. Despite the State's suggestion, this court has no statutory authority to remand a case "for the limited purpose of notification[.]" R.C. 2929.19(A)(1) states, in relevant part:
 {¶ 10} The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded pursuant to section 2953.07 or 2953.08 of the Revised Code. * * * (Emphasis added.)
{¶ 11} The remaining provisions of R.C. 2929.19 set forth the requirements of a sentencing or resentencing proceeding; there is no statutory authority for a limited remand under these circumstances.[13]
R.C. 2929.19 serves the admirable and reasonable function of ensuring that all sentencing factors are considered in a single proceeding designed to reach a fair result, rather than imposing sentence through a patchwork of proceedings, none of which reviews the totality of the circumstances. Therefore, even though one might argue it is unnecessary to hold an entirely new proceeding in order to correct the error here, R.C. 2929.19 states differently, and for generally sound reasons.[14]
{¶ 12} Furthermore, in State v. Davis,[15] the case cited as the origin of the "limited purpose" remand, the court noted the State's position but, in fact, ordered a remand for resentencing in compliance with the statutory mandate, stating as follows:
 {¶ 13} In this matter the state "agrees that appellant is entitled to a new sentencing hearing for the limited purpose of notification in accordance with R.C. 2929.19." Accordingly, we find this assignment of error to be well-taken and we reverse defendant's sentence and remand the matter for re-sentencing in accordance with the requirements of R.C. 2929.19. (Emphasis added.)[16]
{¶ 14} The fact that a remand for resentencing would require a new hearing in compliance with R.C. 2929.19, and would not allow an abbreviated proceeding, provides further support for dismissal. Where the State has decided not to appeal, there is no reason to allow the offender to challenge a decision in his favor, because such a challenge might be a pretext for obtaining a new challenge to a properly imposed sentence.
{¶ 15} Because post-release control was not imposed, Smiley's assignment of error is moot.
Appeal dismissed.
It is ordered that the appellee recover from appellant costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., and DIANE KARPINSKI, J., CONCUR.
[1] R.C. 2903.01, 2929.03(C)(1) with parole eligibility.
[2] R.C. 2941.145, 2929.14(D)(1)(a)(1).
[3] R.C. 2923.13, 2929.14(A)(5), a fifth degree felony.
[4] State v. Smiley (Nov. 16, 2000), Cuyahoga App. No. 77244.
[5] R.C. 2967.28(C).
[6] Woods v. Telb (2000), 89 Ohio St.3d 504, 2000-Ohio-171,733 N.E.2d 1103, paragraph two of the syllabus.
[7] Id. at 512.
[8] Id., paragraph two of the syllabus.
[9] State v. Hyde (Jan. 11, 2001), Cuyahoga App. No. 77592; Statev. Linen (Dec. 15, 2000), Cuyahoga App. Nos. 74070, 74071.
[10] The journal entry states "This sentence shall include any extensions provided by law."
[11] R.C. 2953.08(B).
[12] State v. Dawson (1990), 164 Ariz. 278, 792 P.2d 741; State v.Fraser (La. 1986), 484 So.2d 122; see, also, 4 American Bar Association Standards for Criminal Justice (2 Ed. 1980) 20-30, Standard 20-3.3(b).
[13] State v. Bolton (2001), 143 Ohio App.3d 185, 188-189,757 N.E.2d 841; State v. Bolling (July 19, 2001), Cuyahoga App. No. 78632.
[14] Id. Moreover, the fact that the General Assembly's reasons appear generally sound in this instance is really of no import; we would be constrained to follow the statutory mandate in any event.
[15] (June 18, 1998), Cuyahoga App. No. 72820.
[16] Id.