JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Troy D. Edwards, appeals the decision of the Cuyahoga County Common Pleas Court convicting and sentencing him for trafficking in marijuana. For the reasons that follow, we affirm appellant's conviction but vacate the sentence and remand for resentencing.
{¶ 2} The record reveals that several officers with the Cleveland Police Department had set up surveillance of Longwood Plaza near East 40th Street and Community College Boulevard after receiving several complaints of drug activity in that area. Longwood Plaza is a commercial area bordered by residential apartments. As part of the surveillance operation, two officers would be positioned on a perch, with one officer observing the activity below aided by binoculars while the other operated a video camera. Other officers would be located at perimeter locations so that they would be in a position to respond to any suspected criminal activity as observed by the officers at the perch position.
{¶ 3} On May 3, 2001, Ofc. Walter Emerick, using binoculars, was observing the activity at Longwood Plaza from the perch position. Ofc. Vu Nguyen, his partner, accompanied him. While it was Ofc. Nguyen's responsibility to operate the video camera that day, he was awaiting a particular part for the camera and, therefore, did not videotape the day's activities. While engaged in their surveillance duties, Ofc. Emerick testified that he observed appellant traveling on a bicycle back and forth in the parking lot apparently without any specific destination. He observed appellant approach several different people in the parking lot and, in particular, observed appellant approach a female later identified as Tiffany Pratt as she exited her vehicle. The officer then saw appellant hand Ms. Pratt a plastic bag, which she placed in her pant pocket. Ms. Pratt, in turn, then handed appellant money. Ofc. Nguyen, while able to see appellant on the bike, was unable to view the hand-to-hand transaction from his location on the perch.
{¶ 4} Ms. Pratt eventually returned to her vehicle and Ofc. Emerick radioed the vehicle's license number to the officers at the perimeter location closest to her. She was apprehended and was found to have a substance later identified as marijuana. Appellant was likewise apprehended some time later. No money or substances suspected to be drugs were found on him.
{¶ 5} Appellant was eventually indicted for one count of trafficking in marijuana, in violation of R.C. 2925.03. The case proceeded to trial and a jury returned a verdict of guilty. Appellant was thereafter sentenced to one year of incarceration.
{¶ 6} Appellant is now before this court and assigns three errors for our review.
 I.
{¶ 7} In his first two assignments of error, appellant challenges his sentence as contrary to law. In particular, he claims that the trial court failed to follow R.C. 2929.13(B)(2) when it decided to impose a prison term and likewise failed to state its reasons for imposing the maximum term of imprisonment.
{¶ 8} A reviewing court will not reverse a sentence unless that court finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law. See R.C. 2953.08(G). In this case, appellant was convicted of trafficking in marijuana, which is a fifth degree felony pursuant to R.C. 2925.03(C)(3)(a). This statutory provision states that trafficking in marihuana is a felony of the fifth degree, and division c) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.
{¶ 9} Consequently, the decision to impose a prison term upon a criminal defendant convicted of trafficking in marijuana is controlled by R.C. 2929.13©) and not R.C. 2929.13(B) as appellant asserts. See, also, State v. Baker, 11th Dist. No. 2000-L-132, 2001-Ohio-8900, 2001 Ohio App. Lexis 5060; State v. Lenegar (Feb. 3, 1999), Vinton App. No. 98CA521, 1999 Ohio App. Lexis 337.
{¶ 10} R.C. 2929.13©) provides:
 {¶ 11} * * * in determining whether to impose a prison term as a sanction for a * * * felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to this division for purposes of sentencing, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12
of the Revised Code.
{¶ 12} The overriding purpose of felony sentencing is to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11(A) provides:
 {¶ 13} To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
{¶ 14} While a court that imposes a sentence under R.C. Chapter 2929 has the discretion to determine the most effective manner in which to achieve this purpose, it must consider the factors set forth in R.C.2929.12(B) and ©) regarding the seriousness of the offender's conduct and those in R.C. 2929.12(D) and (E) regarding the offender's likelihood of recidivism. When the victim suffers physical, psychological or economic harm, the seriousness of the offense increases. R.C. 2929.12(B). If the offender does not cause or expect to cause physical harm to persons or property or if the offender acted under strong provocation, the offender's conduct is considered less serious. R.C. 2929.12©). In determining the offender's likelihood of recidivism, the court considers the offender's criminal history, responsiveness to previous criminal sanctions, history of drug or alcohol abuse and remorse for the offense. R.C. 2929.12(D) and (E).
{¶ 15} In sentencing appellant, the trial court detailed appellant's past criminal record and noted five occasions since 1993 that appellant was sentenced for various drug-related offenses. Continuing, the court stated:
 {¶ 16} Clearly, you have demonstrated a pattern of criminal activity. You pose the highest degree of risk.
{¶ 17} You have been constantly in trouble for the last ten years. In addition you were on parole at the time of this offense; therefore, the Court sentences you to the maximum term of 23 months in prison with credit for time served. * * *
{¶ 18} The above excerpt is the extent of the court's consideration of the factors set forth in R.C. 2929.12. The state maintains that it is apparent from the record that the trial court considered the seriousness and recidivism factors delineated in R.C.2929.12 because it found that appellant committed this offense while under post-release control and that appellant had an extensive criminal record. We disagree.
{¶ 19} The trial court emphasized appellant's past criminal history, a recidivism factor, to the exclusion of considering any of the seriousness factors. While it did comment that appellant committed the offense at issue in this case while under post-release control, it failed to consider any other recidivism factors. Moreover, the record fails to demonstrate that a non-prison sanction would demean the seriousness of appellant's conduct or that a community control sanction would not adequately protect the public from future crimes. We note that appellant was sentenced immediately after the jury's verdict. No presentence investigation was ordered and, thus, there is no report before this court that may have supported the trial court's bald assertions. Without more, we cannot unequivocally state that the trial court complied with R.C.2929.12 when it decided to impose a prison term upon appellant for a fifth degree felony.
{¶ 20} Nor do we find that the trial court sufficiently explained its reasoning for imposing the maximum term of imprisonment. When imposing the maximum sentence for an offense, a sentencing court is required to make a finding that the offender committed the worst form of the offense or that offender poses the greatest likelihood of committing future crimes. R.C. 2929.14(C). Moreover, it must state reasons to support those findings. R.C. 2929.19(B)(2)(d). A trial court's failure to provide its reasons for doing so constitutes reversible error. See State v. Bolton (2001), 143 Ohio App.3d 185, 190.
 {¶ 21} In this case, the trial court merely stated that appellant demonstrated a pattern of criminal activity and that he posed the highest degree of risk. There was no connection between these statements and the court's decision to impose the maximum term of imprisonment. Without more, we are unwilling to conclude that the trial court sufficiently articulated its reasons for finding appellant likely to commit future crimes.
{¶ 22} Appellants' first and second assignments of error are well taken and are sustained.
 II.
{¶ 23} In his third assignment of error, appellant contends that there is insufficient evidence to support his conviction and that the jury's verdict is also against the manifest weight of the evidence.
{¶ 24} When reviewing whether there exists sufficient evidence to support a criminal conviction, an appellate court's function is to examine the evidence admitted at trial and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. State v. Jenks (1991), 61 Ohio St.3d 259, 273. In essence, sufficiency is a test of adequacy. State v. Thompkins (1997),78 Ohio St.3d 380, 386-387. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230, 231.
{¶ 25} A conviction for trafficking in marijuana is governed by R.C. 2925.03(A), which provides that [n]o person shall knowingly sell or offer to sell a controlled substance. Marijuana is a controlled substance. R.C. 2925.03©)(3).
{¶ 26} In this case, appellant was observed handing a bag containing a substance later identified as marijuana in exchange for money. Appellant argues that because no money was found on him that the state did not prove the element of sell or offer to sell beyond a reasonable doubt. We disagree.
{¶ 27} The area under observation included watching appellant as well as others whose conduct was consistent with drug activity. Appellant was observed traversing back and forth through the plaza's parking lot. He was not under constant surveillance. Just because no money was found on him at the time he was stopped does not mean that he did not have an opportunity to dispose of or otherwise secrete any money earlier obtained. Merely because appellant was found without money does not mean that there was insufficient evidence to support his conviction for trafficking marijuana.
{¶ 28} Appellant also asks us to find that his conviction is against the manifest weight of the evidence. A manifest weight of the evidence argument involves determining whether there exists a greater amount of credible evidence to support one side of the issue rather than the other. State v. Thompkins, 78 Ohio St.3d at 387. It is not a question of mathematics, but depends on its effect in inducing belief. Id. A reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the factfinder clearly lost his way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983),20 Ohio App.3d 172, 175.
{¶ 29} Appellant argues that because only one of the four officers at the scene actually saw the transaction between appellant and Ms. Pratt combined with the fact that appellant was found without money on him support that the jury lost its way in finding him guilty of trafficking in drugs. We disagree.
{¶ 30} Each of the four officers had different roles to fulfill as part of the surveillance team. Only Ofc. Emerick had the advantage of observing appellant through binoculars, which gave him a perspective quite different from the other officers on the scene. The jury, having found his testimony credible, believed that appellant had engaged in the sale of a substance that was later identified as marijuana. We cannot say that the jury lost its way in finding appellant guilty as charged.
{¶ 31} Appellant's third assignment of error is not well taken and is overruled.
{¶ 32} Appellant's conviction is affirmed. The sentence imposed, however, is vacated and we remand for resentencing.
{¶ 33} Conviction affirmed; sentence vacated and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., and DIANE KARPINSKI, J., CONCUR.
N.B. This entry is an announcement of the court' decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court' decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court' announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).