JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Ricardo Gray appeals his convictions for murder and felonious assault and his sentence. We find merit to the appeal, in part, and vacate Gray's sentence and remand the case for resentencing.
 {¶ 2} Gray was indicted on one count of aggravated murder with a firearm specification and two counts of attempted aggravated murder with a firearm specification. A jury found him guilty of the lesser included offenses of murder and felonious assault, both with firearm specifications.
 {¶ 3} The trial court sentenced Gray to fifteen years to life on the murder charge and five years for the felonious assault, along with an additional three years for the firearm specifications. The murder and felonious assault sentences were to run consecutively, and the firearm specifications were merged so that one three-year consecutive term was imposed.
 {¶ 4} Gray appealed his conviction and sentence, and this court affirmed his conviction in State v. Gray (Aug. 7, 2000), Cuyahoga App. No. 71670.
 {¶ 5} Gray thereafter filed an application to reopen his case based on his counsel's failure to raise certain arguments on appeal. On September 17, 2001, this court granted the application in part and reopened the case as to sentencing only. This court found the trial court erred in imposing consecutive sentences without making the required findings, and the matter was therefore remanded to the trial court for resentencing.
 {¶ 6} On March 30, 2002, the trial court resentenced Gray and again imposed the same sentence.
 {¶ 7} Gray appeals and raises four assignments of error.
Motion to Dismiss
 {¶ 8} Gray contends in his first assignment of error that the trial court erred by denying his motion to dismiss. He argues that at the time of trial, felonious assault was considered to be a lesser included offense of attempted aggravated murder, but the Ohio Supreme Court recently found in State v. Barnes (2002), 94 Ohio St.3d 21, that it does not constitute a lesser offense of attempted aggravated murder. He, therefore, argues that his conviction for the lesser included offense of felonious assault cannot stand.
 {¶ 9} The only matter the trial court had authority to consider on remand was sentencing. It was, therefore, not appropriate to raise this argument at resentencing, but may have been more appropriately raised in a petition for postconviction relief.
 {¶ 10} Accordingly, the trial court did not err by denying Gray's motion to dismiss, and his first assignment of error is overruled.
Failure to Conduct a New Sentencing Hearing; Right to Allocution
 {¶ 11} Gray argues in his second and fourth assignments of error, that the trial court erred by not conducting an entire sentencing hearing on remand and by not providing him a right to allocution.
 {¶ 12} The court of appeals does not have the power to vacate just a portion of a sentence. State v. Bolton (2001), 143 Ohio App.3d 185,188-189. Therefore, when a case is remanded for resentencing, the trial court must conduct a complete sentencing hearing and must approach resentencing as an independent proceeding complete with all applicable procedures. See Bolton, supra at 188-189. See, also, State v. Steimle, Cuyahoga App. Nos. 79154 and 79155, 2000-Ohio-2238; R.C. 2929.19(A)(1). In Steimle, this court explained that upon resentencing:
 {¶ 13} "The defendant and the victim(s) are allowed to present information, a defendant has a right to speak prior to imposition of sentence, and a judge is required to consider the record, any information presented, any presentence report, and any victim impact statement before imposing sentence. A defendant also is entitled to notice of his right to appeal, to have a lawyer appointed if he is indigent, and must be notified that post-release control is part of his sentence, if, in fact, it is to be part of his sentence."
 {¶ 14} A review of the sentencing transcript in the instant case reveals the court did not conduct a new sentencing hearing and did not approach the resentencing as an independent proceeding. The trial court merely addressed the findings required by R.C. 2929.14 for the imposition of consecutive sentences and did not advise the appellant of his constitutional rights. Further, as noted in Gray's fourth assignment of error, the court violated his right of allocution because it did not afford him an opportunity to speak on his own behalf.
 {¶ 15} The Ohio Supreme Court has determined that Crim.R. 32(A)(1) confers an absolute right of allocution. State v. Green, 90 Ohio St.3d 352,358, 2000-Ohio-182; State v. Campbell, 90 Ohio St.3d 320, 324-325,2000-Ohio-183. The Court in Campbell held that because the right of allocution is an absolute right, it cannot be waived.
 {¶ 16} Accordingly, given the errors committed upon resentencing, Gray's second and fourth assignments of error have merit and are sustained.
 {¶ 17} Given our disposition of the second and fourth assignments of error, Gray's third assignment of error regarding the trial court's reliance on misinformation at sentencing is moot and need not be addressed, because the trial court is directed to conduct a new sentencing hearing. App.R. 12(A)(1)(c).
Judgment affirmed in part; sentence vacated and remanded for resentencing.
FRANK D. CELEBREZZE, JR., J. CONCURS; MICHAEL J. CORRIGAN, P.J. CONCURS IN PART AND DISSENTS IN PART IN SEPARATE CONCURRING AND DISSENTING OPINION.