JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Larnail Wright ("Wright") appeals his conviction and sentence following his guilty plea to five counts of receiving stolen property, two counts of forgery, two counts of uttering, one count of failure to comply, and one count of attempted felonious assault with a police officer specification in connection with two cases, case numbers 419455 and 421216. Finding no merit to the appeal, we affirm the trial court's judgment in case number 419455. However, because the court's sentence in case number 421216 violates the court's statutory authority, we reverse that sentence and remand that case to the trial court for resentencing.
 {¶ 2} Prior to accepting the guilty pleas, the trial court inquired of Wright's understanding of the consequences of his plea. Wright stated that he was satisfied with his attorney's representation and that he was not under the influence of any drugs or alcohol that would prevent him from understanding the proceedings. He also stated that no threats or promises were made to induce him to plead guilty.
 {¶ 3} Wright responded in the affirmative that he understood that he was waiving his rights: to a jury trial, to a trial by the court, to cross-examine witnesses, to present witnesses to testify on his own behalf, and to have the State prove his guilt on each and every element of the offenses by proof beyond a reasonable doubt. Wright further stated in the affirmative that he understood that the State had the burden of proof and that he was clothed with the presumption of innocence. Finally, the court explained that he had a right to an attorney or to an appointed attorney, if he was unable to afford one; that he had the right to take the stand to testify, and if he chose not to, no one could comment on the fact that he did not do so.
 {¶ 4} The court then explained the potential penalties Wright could receive. Specifically, the court explained that by pleading guilty to the three counts of receiving stolen property, Wright could receive a term of imprisonment between six and eighteen months and a fine of up to $5,000. The court further explained that by pleading guilty to failure to comply, the court could impose a term of imprisonment between one and five years and a fine of up to $10,000.
 {¶ 5} The court also advised Wright that by pleading guilty to attempted felonious assault of a police officer as amended in case number 421216, the court could impose a term of imprisonment between two and eight years and a fine of up to $15,000. Finally, the court advised Wright that by pleading guilty to counts 1, 2, 4, 5, 7, and 8 in case number 419455, it could impose a term of imprisonment between six and twelve months and a fine of up to $2,500. Wright indicated that he understood all the potential penalties.
 {¶ 6} Before accepting Wright's pleas, the court also advised him that the court was not promising any particular sentence in exchange for his guilty pleas. Again, Wright indicated he understood the court was not making any promises with regard to sentencing. The court then accepted Wright's guilty pleas.
 {¶ 7} On June 26, 2002, the court sentenced Wright in case number 419455 to six terms of imprisonment of eleven months each for two counts of receiving stolen property, two counts of forgery, and two counts of uttering, to run concurrently.
 {¶ 8} In case number 421216, the court sentenced Wright to seventeen months on each of the three counts of receiving stolen property, four years for failure to comply, and seven years for attempted felonious assault with a police officer specification, to run concurrently. Thus, Wright was sentenced to eleven concurrent prison terms for a total of seven years.
 {¶ 9} The Ohio Department of Rehabilitation and Correction later returned the case for resentencing on case number 421216 with instructions that Wright's sentence for failure to comply was to run consecutively to his sentence for attempted felonious assault with a police officer specification. Accordingly, on August 28, 2002, the court conducted a brief sentencing hearing, after the within appeal was commenced, in which the court attempted to resentence Wright to a six-year term of imprisonment for attempted felonious assault with a police officer specification and one year for failure to comply. These two sentences were to run consecutively. Thus, the court attempted to again sentence Wright to a total of seven years imprisonment, albeit with consecutive terms this time.
 {¶ 10} Wright timely appealed the initial sentencing, raising two assignments of error.
 Ineffective Assistance of Counsel {¶ 11} In his first assignment of error, Wright claims he was denied the effective assistance of counsel because his trial counsel advised him he would receive a three-year sentence if he pled guilty to the charges set forth in the plea agreement. Wright also claims his trial counsel advised him to answer in the negative when the court asked if any threats or promises had been made to induce him to enter his guilty pleas. Wright argues he would not have agreed to plead guilty if he had known the trial court was going to impose a seven-year sentence. Thus, Wright argues his trial counsel's false representation that he would receive a three-year prison sentence prevented him from making an informed decision when he entered his guilty pleas.
 {¶ 12} The record on appeal does not show that Wright's trial counsel made any false promises. A claim of ineffective assistance of counsel that raises matters not appearing in the record may not properly be raised in a direct appeal but can only be considered in a postconviction relief proceeding. State v. Gibson (1980), 69 Ohio App.2d 91,95 ("It is impossible for this court to determine on direct appeal from a conviction whether an attorney was ineffective in his representation of a criminal defendant, where the allegation of ineffectiveness is based on facts dehors the record.") See, also, State v. Krocker (Sept. 7, 2000), Cuyahoga App. No. 76965.
 {¶ 13} The record does show, however, that Wright denied having been given any promises to induce his plea:
"THE COURT: * * * First of all, has anyone promised you anything or threatened you with anything in order to get you to enter this plea agreement, other than what is stated on the record this morning?
* * *
DEFENDANT WRIGHT: No, sir.
* * *
THE COURT: Do you understand I'm not promising any particular sentence in exchange for this plea agreement today?
DEFENDANT WRIGHT: Yes."
 {¶ 14} This inquiry was sufficient for purposes of Crim.R. 11. Finding no evidence in the record that Wright's trial counsel made any promises or false representations regarding Wright's sentence, the first assignment of error is overruled.
 Consecutive Sentences {¶ 15} In his second assignment of error, Wright argues the trial court erred in imposing consecutive sentences for failure to comply and felonious assault with a police officer specification because the court failed to consider the factors set forth in R.C. 2921.331(C)(5)(b).
 {¶ 16} However, Wright filed the instant appeal before the trial court attempted to resentence him to impose consecutive sentences. A notice of appeal divests the trial court of jurisdiction over that part of the final order, judgment or decree which is sought to be reviewed.Majnaric v. Majnaric (1975), 46 Ohio App.2d 157, 158. Therefore, the trial court did not have jurisdiction to impose a new sentence on August 28, 2002, and the court's pronounced sentence on that date is a nullity.[1]
 {¶ 17} Nonetheless, we find that the court pronounced a sentence in violation of its statutory authority when it sentenced Wright to concurrent prison terms in case number 421216. Although Wright does not challenge the imposition of concurrent sentences, we find the court's violation of its statutory authority to be plain error. Crim. R. 52(B) allows the appellate court to address errors not brought to the court's attention if the errors affect substantial rights.
 {¶ 18} In case number 421216, Wright pled guilty to failure to comply with the order of a police officer along with a specification indicating that Wright caused a substantial risk of physical harm to persons or property in violation of R.C. 2921.331(C)(5)(ii).
 {¶ 19} With regard to sentencing, R.C. 2921.331(D) provides:
"If an offender is sentenced pursuant to division (C)(4) or (5) of thissection for a violation of division (B) of this section, and if theoffender is sentenced to a prison term for that violation, the offendershall serve the prison term consecutively to any other prison term ormandatory prison term imposed upon the offender."
 {¶ 20} Thus, because Wright pled guilty to failure to comply with the order of a police officer along with a specification indicating that he caused a substantial risk of physical harm to persons or property in violation of R.C. 2921.331(C)(5)(ii), consecutive sentences were required under R.C. 2921.331(D).
 {¶ 21} In case number 421216, the court imposed concurrent prison terms, contrary to the mandate of R.C. 2921.331(D), and thus contrary to law.
 {¶ 22} Accordingly, the judgment in case number 419455 is affirmed; however, the sentence in case number 421216 is vacated, and that case is remanded for resentencing.
 {¶ 23} Judgment is affirmed in Case No. 419455; sentence is vacated in Case No. 421216, and cause is remanded for resentencing.
KENNETH A. ROCCO, A.J. and ANN DYKE, J. concur.
[1] It may be that because the trial court did not have jurisdiction to resentence Wright on August 28, 2002, the court's attempt to resentence him was never journalized. Even if the trial court had jurisdiction to resentence Wright at that time, the court's sentencing hearing was deficient because the court failed to make all the necessary findings and advisements required by statute. Upon resentencing, the trial court must conduct a complete sentencing hearing and must approach resentencing as an independent proceeding complete with all applicable procedures. Statev. Bolton (2001), 143 Ohio App.3d 185, 188-189.