[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant Earl Buckner was convicted following a jury trial of trafficking in cocaine in violation of R.C. 2925.03(A), preparation of cocaine for sale in violation of R.C. 2925.07(A), possession of cocaine in violation of R.C. 2925.11(A) and an accompanying firearm specification, and four counts of having weapons while under disability in violation of R.C. 2923.13(A)(3).[1] The trial court sentenced Buckner to eight years in prison on the drug trafficking charge. The trial court merged the drug preparation and drug possession charges and imposed a five-year prison term. The trial court sentenced Buckner to one year in prison for the firearm specification, and one year in prison for each of the four charges of having weapons while under disability. The trial court additionally ordered that each of the prison terms be served consecutively.
 {¶ 3} Buckner appealed his convictions and we affirmed them in a judgment entry dated October 25, 2000. On September 14, 2001, we granted Buckner's motion for a delayed reopening of his appeal under App.R. 26(B). The sole issue for reopening the appeal was Buckner's argument that the four counts of having weapons while under disability should have been merged into a single count for purposes of sentencing. The state had conceded that those were improper. So in a judgment entry dated March 13, 2002, we held that the trial court had committed plain error by sentencing Buckner to one year in prison for each of the four counts of having weapons under disability. We vacated the trial court's sentence as to the weapons under disability charges and instructed the trial court to re-sentence Buckner on only one of the four weapons under disability charges.
 {¶ 4} On remand, the trial court journalized a sentencing entry that re-sentenced Buckner and merged the four counts of having weapons under disability into a single count for sentencing purposes. The trial court, however, failed to bring Buckner before it and conduct a second sentencing hearing. Buckner now appeals from this second sentence raising three assignments of error.
 {¶ 5} In his first assignment of error, Buckner claims the trial court's failure to ensure his presence when re-sentencing him on the weapons under disability convictions violated his right of allocution as guaranteed by Crim.R. 32(A). While the state concedes that Buckner had a right to be present for re-sentencing, it urges us to remedy the error by modifying Buckner's sentence.
 {¶ 6} R.C. 2953.08(G) provides that an appellate court may "increase, reduce, or otherwise modify a sentence that is appealed * * * or may vacate the sentence and remand the matter to the trial court for re-sentencing." In State v. Campbell[2] the Ohio Supreme Court recognized that a trial court's failure to address the defendant at sentencing is not prejudicial in every case. The Supreme Court held that when a trial court imposes a "sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless error."[3] Because we believe that Crim.R. 32(A) applies only to sentencing and not to re-sentencing under R.C. 2953.08(G), we do not believe the trial court violated Buckner's right of allocution.
 {¶ 7} Even if the trial court violated Buckner's right of allocution when it merged the weapons under disability charges and re-sentenced him, we cannot say the trial court's failure to have Buckner present for re-sentencing was so prejudicial that we must remand the cause for re-sentencing. In this case, the trial court's failure to afford Buckner his right of allocution at the second sentencing hearing was harmless error given that the trial court reduced Buckner's sentence by three years. Moreover, Buckner and his counsel were permitted to speak freely at the first sentencing hearing. Because we fail to see how Buckner's absence from the second sentencing hearing was prejudicial, we exercise our authority under R.C. 2953.08(G) and modify that portion of his sentence imposing one year in prison for each of the four counts of having weapons under disability to reflect that those four counts have been merged and that Buckner is to serve a one year sentence for the merged counts.
 {¶ 8} In his second assignment of error, Buckner contends the trial court erred as a matter of law when it failed to make any findings to support the imposition of the maximum, consecutive sentences for the trafficking in cocaine charge and preparation of cocaine for sale charge. Buckner argues that under State v. Bolton,[4] in which the Eighth Appellate District held that an appellate court has no power to vacate only a portion of a sentence, this court reversed his entire sentence. We disagree.
 {¶ 9} This court, which has not followed the holding in State v.Bolton, has consistently vacated only a portion of a sentence.[5]
Because we vacated only that portion of Buckner's sentence relating to the trial court's failure-to-merge portion of the four weapons under disability charges, the trial court's imposition of the maximum and consecutive sentences is not before us on this appeal. We, therefore, overrule the second assignment of error.
 {¶ 10} In his third assignment of error, Buckner argues the trial court erred as a matter of law when it failed to merge his convictions for trafficking in cocaine and preparation of cocaine for sale because they were allied offenses of similar import.
 {¶ 11} "Absent plain error, a defendant's failure to raise the issue of allied offenses of similar import at the time of his conviction or sentencing constitutes a waiver of the claimed error on appeal."[6]
Because Buckner failed to raise the merger issue in his direct appeal, he has waived all but plain error. In State v. Gonzales, this court held that drug trafficking and drug possession are not allied offenses of similar import.[7] Because Buckner cannot demonstrate the trial court committed plain error in failing to merge the trafficking and possession charges, we overrule the third assignment of error.
 {¶ 12} Wherefore, we modify that portion of his sentence imposing one year in prison for each of the four counts of having weapons under disability to reflect that those four counts have been merged and that Buckner is to serve a one-year sentence for the merged counts. We further order that the sentence be served consecutively to the eight-year prison term for the drug trafficking charge, the five-year prison term for the drug preparation and drug possession charges, and the one-year prison term for the firearm specification. His sentence remains the same in all other respects.
 {¶ 13} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Gorman, JJ.
[1] Buckner was indicted for trafficking in cocaine in case number B-9903656(A). Buckner was subsequently indicted for the remaining charges in case number B-9903995. All the charges were joined for purposes of trial.
[2] 90 Ohio St.3d 320, 325, 2000-Ohio-183, 738 N.E.2d 1178.
[3] See id. at 326.
[4] (2001), 143 Ohio App.3d 185, 757 N.E.2d 841.
[5] See, e.g., State v. Broe, 1st Dist. No. C-020521, 2003-Ohio-3054;State v. Condon, 152 Ohio App.3d 629, 2003-Ohio-2335, 789 N.E.2d 696;State v. Tobert, 1st Dist. No. C-010700, 2003-Ohio-675; State v.Chapman, 1st Dist No. C-020115, 2002-Ohio-7336.
[6] See State v. Grider, 8th Dist. No. 80617, 2002-Ohio-3792, ¶ 21.
[7] 151 Ohio App.3d 160, 783 N.E.2d 903, ¶¶ 24-38.