{¶ 30} I respectfully dissent.
 {¶ 31} The majority determined that because this court, in the prior appeal of this case, ruled that the trial court had not erred in the manner in which it sentenced defendant to the maximum term, the maximum sentence is the law of the case. When this court affirmed the maximum sentence, however, this court was not ruling on the appropriateness of the sentence. More precisely, it was ruling on the discrete question of whether there was evidence to support sentencing Moore to the maximum.[1] State v. Moore, Cuyahoga App. No. 80416, 2003-Ohio-1154 at ¶ 70.
 {¶ 32} This court ruled that the trial court had indeed made the necessary findings to allow it to impose that sentence and gave a reason in support. This court did not state that the sentence imposed was the only correct sentence; it merely stated that it was not error to impose it.
 {¶ 33} The issue before this court is how to view the appellate court's response to those assignments of error in which the appellant's argument was overruled. When this court rules that it finds no error in a particular action of the lower court, this court is not saying that only that action was possible. Indeed, in many cases the trial court has a range of permissible options.
 {¶ 34} We understand, moreover, that trial judges customarily view the sentence as a package in which the trial judge balances various parts to arrive at the desired end. On remand they should have the opportunity to move within the prescribed range of possible sentences. Trial judges should continue to have the power to fashion such a package.
 {¶ 35} The Tenth District has stated this principle most forcefully:
 {¶ 36} The sentence package doctrine provides that, when a defendant is sentenced under a multi-count indictment and the sentences imposed on those counts are interdependent, the trial court has the authority to reevaluate the entire aggregate sentence, including those on the unchallenged counts, on remand from a decision vacating one or more of the original counts. Inthe Matter of Fabiaen L. Mitchell (June 28, 2001), Franklin App. No. 01AP-74, 2001 Ohio App. LEXIS 2856. The underlying theory is that, in imposing a sentence in a multi-count conviction, the trial court typically looks to the bottom line, or the total number of years. Id. Thus, when part of a sentence is vacated, the entire sentencing package doctrine becomes "unbundled," and the trial judge is, therefore, entitled to resentence a defendant on all counts to effectuate its previous intent. Id.
 {¶ 37} State v. Jackson, (Franklin App. No. 03AP-698) 2004-Ohio-1005.
 {¶ 38} Moreover, because we vacated the lower court sentence in the case at bar, the trial court was implicitly authorized to begin sentencing anew. R.C. 2953.08 does not authorize "partial remands" for limited sentencing. As this court has previously stated:
The court of appeals does not have the power to vacate just a portion of sentence. State v. Bolton (2001),143 Ohio App.3d 185,188-189,757 N.E.2d 841. Therefore, when a case is remanded for resentencing, the trial court must conduct a complete sentencing hearing and must approach resentencing as an independent proceeding complete with all applicable procedures. * * * See, also, State v. Steimle, Cuyahoga App. Nos. 79154 and 79155, 2000-Ohio-2238; R.C. 2929.19(A)(1)
 {¶ 39} State v. Gray, Cuyahoga App. No. 81474, 2003-Ohio-436 ¶ 12.
 {¶ 40} The majority complains that to allow a total resentencing that changes terms in which this court found no error would render the court's ruling advisory. That is true. To rule otherwise, however, is to turn language upside down. The majority would agree with the Hatter from Alice's Adventures inWonderland:
 {¶ 41} "Take some more tea," the March Hare said to Alice, very earnestly.
 {¶ 42} "I've had nothing yet," Alice replied in an offended tone: "so I can't take more."
 {¶ 43} "You mean you can't take less," said the Hatter: "it's very easy to take more than nothing."
 {¶ 44} This court's earlier ruling on the maximum is of no consequence to this case, because this court then proceeded to vacate that sentence. Black's Law Dictionary defines "vacate" as "to annul; to set aside; to cancel or rescind. To render an act void; as to vacate an entry of record or a judgment." In the prior appeal of this case, this court vacated defendant's sentence. It no longer exists; it is a nullity. As a nullity, that sentence is treated as though it had not taken place. It cannot be "more than nothing."
 {¶ 45} As a result of this court's vacating the sentence, the trial court was required to have a de novo hearing. Such a hearing allows the trial court to consider new evidence, and the defendant is to be judged on what is available at that moment of sentencing. Thus, for example, if a defendant has shown a remarkable record in prison since the earlier sentencing, that record is admissible. To proceed otherwise, would reduce a re-sentencing to a mere rerun of an old movie. Indeed, if the lower court had failed to revisit each and every part of the sentence, we would have found error.
 {¶ 46} A decision finding no error in a judgment that this court subsequently vacated and, therefore, is now a nullity, cannot be transmuted into the law of the case serving to forbid any other alternative.
 {¶ 47} Finally, I would, sua sponte, find plain error[2] in the sentencing for the RVO under R.C.2929.14(D)(2)(b). In its prior opinion, this court said it was not necessary for any finding to be made that defendant caused harm to the victim because the court had already imposed the maximum. This holding runs afoul of the very recent U.S. Supreme Court decision in Blakely, 124 S.Ct. 2531; 159 L.Ed.2d 403l 72 U.S.L.W. 4546, as well as Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 and Ring v. Arizona
(2002), 536 U.S. 584 122 S.Ct. 2428, 153 L.Ed.2d 556. These cases establish that it is the jury, not the trial judge, that must make the necessary findings to support a sentence beyond the statutory maximum for the underlying offense.
 {¶ 48} Therefore, I would remand the case for proceedings consistent with Blakely. Accordingly, I dissent.
[1] Unfortunately, the opinion does not state verbatim the assignment of error.
[2] See State v. Wilson, Cuyahoga App. No. 82770, 2004-Ohio-499, in which this court found plain error in the trial court's failure to inform defendant of his constitutional right to compulsory process.