{¶ 13} I respectfully dissent from the majority's opinion and would instead order a limited remand to allow the court to place the omissions in a supporting journal entry.
 {¶ 14} In both State v. Gray, Cuyahoga App. No. 81474, 2003-Ohio-436, and State v. Bolton (2001), 143 Ohio App.3d 185, we held that a trial court must conduct a proceeding as complete as the first hearing. In accord with these cases and with R.C.2953.08(G)(1), I believe that the trial court is directed on remand only to address that which was either omitted or incorrectly done, and a complete vacation of the sentence is therefore unnecessary. (Emphasis added.)
 {¶ 15} R.C. 2953.08(G)(1) states:
"If the sentencing court was required to make the findings required by division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code relative to the imposition or modification of the sentence, and if the sentencing court failed to state the required findings on the record, the court hearing an appeal under division (A), (B), or (C) of this section shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings."
 {¶ 16} If sentences such as Rivera's are vacated in their entirety, any interest in judicial economy is lost and instead the defendant may now file "multiple appeals of the same sentence on different grounds either because new issues arise as a result of the remand or because the defendant chooses to argue issues after the remand which could have been raised before." State v.Embry (June 10, 2004), Cuyahoga App. No. 82998, 2004-Ohio-2986. See, e.g., State v. Morton, Cuyahoga App. No. 82095, 2003-Ohio-4063; State v. Rotarius, Cuyahoga App. No. 81555, 2003-Ohio-1526. These situations would not arise if the matter was remanded for supplementation in a journal entry. Therefore, one appeal would conclude all issues to which R.C. 2953.08(G)(1) applies. For these reasons, and under the authority of R.C.2953.08(G)(1), I would not vacate Rivera's sentence in its entirety, and instead would remand this case to the trial court with directions to supplement the court's journal entry.