{¶ 17} As much as I would like to affirm the purported "resentencing" in the instant case for the sake of judicial economy, I cannot in good conscience overlook the denial of Axson's right to allocution before "incorporating by reference" the sentence imposed in 2002. The trial court never asked Axson if he had anything to say before being resentenced, and the court only asked at the end of the hearing if Axson had "anything to say about the postrelease portion of it" (Tr. 12).
 {¶ 18} Furthermore, the Ohio Supreme Court directed that Axson be resentenced consistent with Jordan, supra. Jordan mandates that the prior sentence be vacated. Therefore, there was no sentence for the trial court to incorporate herein. I would have no objection to the court's reading the previous sentencing transcript into the record at a resentencing, but here the court merely stated, "I am going to incorporate my sentences that were imposed and find that they were the law of the case. * * * So those sentences are going to remain in full force and effect." (Tr. 11-12). The court did not even specify an aggregate term or set forth the separate offenses. I find this woefully inadequate. Therefore, I would reverse and remand for a full resentencing consistent with State v.Bolton (2001), 143 Ohio App.3d 185.
 {¶ 19} I do concur, however, in the majority decision affirming the court's denial of postconviction relief.