JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Mark Rotarius ("Rotarius") appeals from the sentence imposed upon him by the Cuyahoga County Court of Common Pleas. For the reasons stated below, we vacate the sentence and remand for resentencing.
 {¶ 2} On May 11, 2000, Rotarius was indicted on one count of marijuana possession in an amount exceeding 20,000 grams, in violation of R.C. 2925.11, and preparation for sale of the same, in violation of R.C. 2925.07. Each count constituted a second and fourth degree felony, respectively.
 {¶ 3} On September 27, 2000, Rotarius was found guilty on both counts and sentenced to a mandatory term of eight years on the possession count and a consecutive maximum sentence of 18 months on the preparation for sale. From this conviction, Rotarius appealed.
 {¶ 4} On February 21, 2002, this court affirmed the conviction but vacated the sentence and remanded for resentencing due to the trial court's failure to make findings on the record as to the imposition of consecutive sentences.[1]
 {¶ 5} At the June 18, 2002 resentencing hearing, the trial court imposed the same sentence as had been originally imposed, and Rotarius again appealed. On appeal, this court found that the sentencing transcript revealed the trial court failed to specifically speak to the statutory language of R.C. 2929.14(B) or (C).[2] Further, this court found that the trial court failed to conduct a complete sentencing hearing as is required.State v. Gray, Cuyahoga App. No. 81474, 2003-Ohio-436. This court, therefore, remanded in order for the trial court to conduct an appropriate hearing and comply with R.C. 2929.14.
 {¶ 6} On August 29, 2003, the trial court resentenced appellant to the same term of imprisonment with additional statutory findings. From this sentence, appellant again appeals and advances four assignments of error for our review. We will review appellant's fourth assignment of error first because it is dispositive.
 I {¶ 7} In his fourth assignment of error, appellant argues that "the trial court erred in failing to conduct an independent sentencing hearing." We agree.
 {¶ 8} Upon remand, the trial court inexplicably failed to conduct an independent sentencing hearing, even though this court found the trial court's previous failure to hold such a hearing was error. When a case is remanded for resentencing, a complete sentencing hearing must be conducted. State v. Rotarius, Cuyahoga App. No. 81555, 2003-Ohio-1526. As we recently explained, at resentencing "the defendant and the victim(s) are allowed to present information, a defendant has a right to speak prior to imposition of sentence, and a judge is required to consider the record, any information presented, any presentence report, and any victim impact statement before imposing sentence. A defendant also is entitled to notice of his right to appeal, to have a lawyer appointed if he is indigent, and must be notified that post-release control is part of his sentence, if, in fact, it is to be part of his sentence."State v. Hudak, Cuyahoga App. No. 82108, 2003-Ohio-3805. There is no indication from the transcript that the trial judge conducted an independent proceeding or even considered the record. Rather, the court attempted to simply adopt the prior sentencing hearing that was reversed by this court. The trial court stated that it "* * * makes the finding that the court incorporates all its prior findings with reference to Mr. Rotarius * * *." Remarkably, the record fails to establish the presence of the State of Ohio at the resentencing. The court fails to inquire into the state's position or even to acknowledge its presence.
 {¶ 9} Appellant's fourth assignment of error is sustained.
 II {¶ 10} Given our disposition of appellant's fourth assignment of error, we find it unnecessary to address appellant's remaining assignments of error because the trial court is directed to conduct a new sentencing hearing.
 {¶ 11} Sentence vacated and case remanded for resentencing.
Kilbane, P.J., concurs.
 Cooney, J., concurs in judgment only.
The sentence is vacated and this cause is remanded for resentencing.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] State v. Rotarius, Cuyahoga App. No. 78766, 2002-Ohio-666 ("Rotarius I").
[2] State v. Rotarius, Cuyahoga App. No. 81555, 2003-Ohio-1526 ("Rotarius II").