{¶ 103} Although I agree in almost all aspects with the majority opinion's disposition of this appeal, and in spite of its new colorful food analogy, I cannot agree with its decision to vacate appellant's sentence in its entirety and to order a remand for an entirely new resentencing hearing.
 {¶ 104} The majority opinion proceeds at great length to address appellant's eighth assignment of error and concludes that the trial court "made all the necessary findings to comply with the law when it imposed maximum and consecutive sentences" upon appellant, except only that it failed to align the reasons it gave with appellant's convictions for kidnapping and felonious assault.
 {¶ 105} In deciding this failure renders the entire sentence reversible, however, the majority opinion reads the authority upon which it relies too broadly. See, State v. Gray, Cuyahoga App. No. 81474, 2003-Ohio-436, P. 12; State v. Bolton (2001),143 Ohio App.3d 185. What those cases actually stand for is the direction that in imposing a sentence at a resentencing hearing, the trial court must conduct the proceeding as completely as the former one was required to be. This direction, however, is limited only to what was either omitted or incorrectly done.
 {¶ 106} The legislature's amendment of R.C. 2953.08(G) illustrates this approach: pursuant to subsection (1), this court "shall" return the case to the trial court "to state, on the record, the required findings." The trial court, therefore, may not simply abbreviate, but instead must re-state the statutory factors it considered and give its reasons for the sentence chosen. State v. Steimle, 2002-Ohio-2238, Cuyahoga App. Nos. 79154, 79155; see also, State v. Hudak, 2003-Ohio-3805, Cuyahoga App. No. 82108.
 {¶ 107} In vacating the entire sentence, including the rape convictions, which are not even subject to "Senate Bill 2" law, the majority opinion is awarding appellant with a legal right he does not deserve: the potential to gain a new appeal from the portion of the sentence that, from the rest of the discussion as to appellant's seventh and eighth assignments of error, the majority opinion actually has affirmed. This outcome encourages appellant to ignore, and further, to subvert, the doctrines of res judicata and law of the case.
 {¶ 108} As a matter of fact, this is what inadvertently occurred in State v. Fair, Cuyahoga App. No. 82278, 2004-Ohio-2971, upon which the majority opinion relies so heavily. The majority opinion, at page 29, even acknowledgesFair conceded that according to the Ohio Supreme Court inState v. Jones, (2001), 93 Ohio St.3d 391 at 400, this court "should have" applied "the current version of R.C. 2953.08" and "given the trial court an opportunity to explain the reason forthe sentence it imposed." (Emphasis added.)
 {¶ 109} In effect, vacating the entire sentence, however,encourages a defendant to treat his appeal of his sentence as either a "salad bar" to which he can return over and over again, or a underdone steak which can be returned until it is just to "the customer's" liking. As an example in this context, the defendant in State v. Rotarius, Cuyahoga App. No. 83216, 2004-Ohio-1126, was appealing his sentence in that case for thethird time!
 {¶ 110} Creative metaphors are entertaining, but it is this court's duty to harmonize statutory provisions when possible in order to comply with other legal doctrines. This court should neither seek merely to devise new and clever analogies, nor stubbornly adhere to unworkable interpretations of legislative provisions which serve merely to fashion additional avenues for a defendant to appeal his or her sentence.
 {¶ 111} I see no reason why the trial court should be required to conduct an entirely new sentencing hearing and to re-analyze the sentencing factors on the record, since it does not serve judicial economy and opens the door to multiple appeals of the same sentence. Furthermore, I do not agree with any premise that suggests R.C. 2953.08(G) is obscure as to legislative intent. Maintaining the integrity of established legal doctrines, such as res judicata and law of the case in appeals of a sentence, on the other hand, is this court's duty.
 {¶ 112} Therefore, pursuant to R.C. 2953.08(G)(1), I would not vacate appellant's sentence. Instead, I would remand this case to the trial court only with a direction for it to state, on the record, its reasons, aligned with the already-stated findings, for its decision to impose maximum and consecutive sentences upon appellant for his convictions for kidnapping and felonious assault.