[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 09, 2004
THOMAS K. KAHN
CLERK

_____

No. 04-13244

_____

IN RE: WILL C. DEAN, JR.,

                                                                Petitioner.

_____

Application for Leave to File a Second or
Successive Motion to Vacate, Set Aside, or
Correct Sentence, 28 U.S.C. §§ 2255, 2244(b)(3)(A)

_____

**(July 9, 2004)**

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

B Y  T H E  P A N E L:

    Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by §§ 105

and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),

Will C. Dean, Jr. has filed an application seeking an order authorizing the district

court to consider a second or successive motion to vacate, set aside, or correct his

federal sentence, 28 U.S.C. § 2255.  Such authorization may be granted only if this

Court certifies that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C).

In his application, Dean indicates that he wishes to raise one claim in a second or successive § 2255 motion, namely, that the district court violated his Sixth Amendment right to a jury trial by enhancing his sentence under the federal Sentencing Guidelines based on his leadership role in the offense and his relevant conduct, when the facts supporting those guideline enhancements were neither mentioned during his Fed.R.Crim.P. 11 plea colloquy nor proved to a jury beyond a reasonable doubt. Dean contends that his claim relies on a new rule of constitutional law, citing the United States Supreme Court's recent opinion in Blakely v. Washington, No. 02-1632 (U.S. June 24, 2004).

In <u>Blakely</u>, the United States Supreme Court revisited the rule in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." <u>Blakely</u>, No. 02-1632, slip op. at 5. The Court considered whether the sentencing procedure followed by courts in the State of Washington deprived Blakely of his "federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence." <u>Id.</u> at 4. The state sentencing guidelines scheme under which Blakely was sentenced permitted sentencing judges to depart upward from a "standard" sentencing range if the judge found "substantial and compelling reasons justifying an exceptional sentence." <u>Id.</u> at 3 (citing Wash. Rev. Code Ann. § 9.94A.120(2)).

Blakely, having been charged with kidnaping his estranged wife, pleaded guilty to second-degree kidnaping, a Class B felony under Washington law that carried a ten-year statutory maximum sentence. <u>Id.</u> at 2 (citing Wash. Rev. Code Ann. §§ 9A.40.030(3), 9A.20.021(1)(b)). Washington's Sentencing Reform Act, however, specified a "standard range" of 49 to 53 months for Blakely's offense of second-degree kidnaping with a firearm. <u>Id.</u> (citations omitted). At sentencing,

3

the court rejected this standard range and imposed an "exceptional sentence" of 90 months' imprisonment on the ground that Blakely had acted with "deliberate cruelty," a statutorily enumerated ground for departure in domestic violence cases. Id. at 3 (citing Wash. Rev. Code Ann. § 9.94A.390(2)(h)(iii)). Blakely objected to the trial court's sentencing procedure, and, in response, the court held a three-day bench hearing featuring testimony from numerous witnesses. Id. at 4. After the hearing, the court issued 32 findings of fact, ultimately reaffirming its original decision to impose the 90-month enhanced sentence. Id.

On appeal, Blakely argued that the sentencing procedure deprived him of his right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence. Id. The state appellate courts rejected Blakely's argument and affirmed. Id. at 4-5. On certiorari review, the United States Supreme Court reversed in a 5-4 decision, holding that Blakely's enhanced sentence violated Apprendi. Id. at 9. Notably, the Court rejected the state's argument that Blakely's case was distinguishable from Apprendi because his 90-month sentence did not exceed the 10-year statutory maximum for Class B felonies, explaining that

> [o]ur precedents make clear . . . that the "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted

4

by the defendant. . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment ," . . . and the judge exceeds his proper authority.

Id. at 7 (emphasis in original) (citations omitted). In a footnote, the Court stressed that "[the Federal Guidelines are not before us, and we express no opinion on them." Id. at 9 n.9.

No court has yet determined whether Blakely created a new rule of constitutional law made retroactive to cases on collateral review. For a new rule to be retroactive to cases on collateral review for purposes of authorizing a second or successive § 2255 motion or 28 U.S.C. § 2254 petition, the Supreme Court itself must make the rule retroactive. Tyler v. Cain, 533 U.S. 656, 662-63, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001). It is not enough that a new rule of constitutional law is applied retroactively by this Court or that it satisfies the criteria for retroactive application set forth by the Supreme Court in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). In re Joshua, 224 F.3d 1281, 1283 (11th Cir. 2000). Additionally, the Supreme Court does not make a rule retroactive through dictum. Tyler, 533 U.S. at 663 n.4, 121 S.Ct. at 2482 n.4. Multiple cases can, together, make a rule retroactive, but only if the holdings

5

in those cases necessarily dictate retroactivity of the new rule. <u>Id.</u> at 666, 121 S.Ct. at 2484.

Regardless of whether <u>Blakely</u> established a "new rule of constitutional law" within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared <u>Blakely</u> to be retroactive to cases on collateral review. <u>See generally</u> <u>Blakely</u>, No. 02-1632, slip op. at 1-18; <u>Tyler</u>, 533 U.S. at 662-63, 121 S.Ct. at 2482. Moreover, no combination of cases necessarily dictate retroactivity of the <u>Blakely</u> decision. <u>Tyler</u>, 533 U.S. at 666, 121 S.Ct. at 2484. <u>Blakely</u> itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review. <u>See id.</u> In fact, the Supreme Court has strongly implied that <u>Blakely</u> is not to be applied retroactively. The same day the Supreme Court decided <u>Blakely</u>, the Court also issued its decision in <u>Schriro v. Summerlin</u>, No. 03-526 (U.S. June 24, 2004), holding that <u>Ring v. Arizona</u>, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of <u>Apprendi</u> to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. <u>Summerlin</u>, No. 03-526, slip op. at 10; <u>see also</u> <u>Blakely</u>, No. 02-1632, slip op. at 11 (O'Connor, J., dissenting) (recognizing the Court's holding in <u>Summerlin</u> "that <u>Ring</u> (and <u>a fortiori</u> <u>Apprendi</u>) does not apply retroactively on habeas review"); <u>see also</u> <u>McCoy v.</u>

6

<u>United States</u>, 266 F.3d 1245, 1256-58 (11th Cir. 2001) (holding that <u>Apprendi</u> is not retroactive to cases on collateral review); <u>In re Joshua</u>, 224 F.3d at 1283 (denying the retroactive application of <u>Apprendi</u> to permit second or successive habeas petitions). Because <u>Blakely</u>, like <u>Ring</u>, is based on an extension of <u>Apprendi</u>, Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review. Accordingly, Dean's proposed claim fails to satisfy the statutory criteria. 28 U.S.C. § 2255.

Dean has failed to make a <u>prima</u> <u>facie</u> showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255. Accordingly, his application for leave to file a second or successive motion is DENIED.