**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

No. 04-6766

————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNY MONTANA HOLTON, a/k/a K.G.,

Defendant - Appellant.

————————

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Malcolm J. Howard, District Judge. (CR-98-9; CA-03-91-4-H)

————————

Submitted: September 16, 2004    Decided: September 22, 2004

————————

Before LUTTIG, KING, and DUNCAN, Circuit Judges.

————————

Dismissed by unpublished per curiam opinion.

————————

Kenny Montana Holton, Appellant Pro Se. Jane J. Jackson, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kenny Montana Holton, a federal prisoner, seeks to appeal the district court's order denying relief on his motion filed under 28 U.S.C. § 2255 (2000). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Holton has not made the requisite showing.[*] Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately

---

[*]After submitting his informal brief, Holton filed a motion for leave to amend his pending application for a certificate of appealability asking this court to consider his case in light of the Supreme Court's recent decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). We deny Holton's motion. Blakely has not been held by the Supreme Court to apply retroactively to cases on collateral review. See Tyler v. Cain, 533 U.S. 656, 662 (2001); In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004) (holding that Blakely is not retroactively applicable to cases on collateral review).

presented in the materials before the court and argument would not aid the decisional process.

DISMISSED