[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 13, 2005
THOMAS K. KAHN
CLERK

No. 04-10832
Non-Argument Calendar

_____

D.C. Docket Nos. 01-08036-CV-CO-S
98-00282-CR-CO

KATHERINE GARFIELD,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 13, 2005)

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Katherine Garfield, a federal prisoner serving a 151-month sentence for

conspiracy to possess with intent to distribute 5 kilograms or more of cocaine,

appeals the district court's denial of her counseled 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence.[1]  After review, we affirm.

Garfield pled guilty to one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846.  The district court sentenced her to 151 months' imprisonment and 5 years' supervised release.  Garfield appealed her sentence, and this Court affirmed.  United States v. Garfield, No. 99-12418 (11th Cir. May 16, 2000).

On or about July 23, 2001, Garfield filed the instant § 2255 motion raising challenges to both her conviction and sentence, including a Sixth Amendment challenge to the determination of drug quantity at sentencing.

On December 12, 2003, the magistrate judge issued a report recommending that the district court deny Garfield's § 2255 motion.  On January 20, 2004, the district court adopted the magistrate judge's report in its entirety and denied Garfield's § 2255 motion.  Garfield filed a motion in the district court for a COA, which the district court also denied.

---

[1]Because Garfield filed her motion after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), the provisions of that act apply.

After the district court denied Garfield's § 2255 motion and motion for a COA, the Supreme Court decided Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004), on June 24, 2004. Blakely extended the rule in Apprendi and concluded that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 124 S. Ct. at 2537 (emphasis in original).

This Court initially denied Garfield's application for a COA. On August 9, 2004, however, this Court reconsidered its denial and granted Garfield's motion for a COA on the following issue: "Is Blakely v. Washington, __ U.S. __, 124 S. Ct. 2531 (2004), retroactive to cases on collateral review pursuant to Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989)?"[2]

---

[2]After we issued Garfield a COA, the Supreme Court further explained that the holding in Blakely applies to the Federal Sentencing Guidelines. United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005). To the extent Garfield's appeal turns on the application of Blakely, it also turns on the application of Booker.

Further, in addition to the issue stated above, this Court also granted a COA on two other issues: (1) "[I]s appellant procedurally barred from raising the instant constitutional challenge to her sentence because it was not raised on direct appeal?"; and (2) "If the claim is not procedurally barred, does appellant's 151-month sentence violate Apprendi, as explained in Blakely?" Because we have determined that Booker is not retroactive to cases on collateral review, we need not address these two issues.

On appeal, Garfield argues that <u>Blakely</u> is available to her on collateral review.

When reviewing the denial of a § 2255 motion, this Court "review[s] questions of law <u>de novo</u> and findings of fact for clear error." <u>Varela v. United States</u>, 400 F.3d 864, 867 n.3 (11th Cir. 2005). In <u>Varela</u>, this Court held that "<u>Booker</u>'s [and <u>Blakely</u>'s] constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." <u>Id.</u> at 868. Accordingly, we affirm the denial of Garfield's § 2255 motion.

**AFFIRMED.**