[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 13, 2005
THOMAS K. KAHN
CLERK

No. 04-11386
Non-Argument Calendar

_____

D.C. Docket Nos. 02-10078-CV-JCP
98-10002-CR-JCP

JEFFREY LUNDIN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 13, 2005)

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Jeffrey Lundin, a pro se federal prisoner serving a 324-month sentence for

several drug offenses, appeals the district court's denial of his 28 U.S.C. § 2255

motion to vacate his sentence.[1]  After review, we affirm the denial of Lundin's §

2255 motion.

Lundin and three co-defendants were charged by superceding indictment

with (1) conspiracy to import a detectable amount of cocaine, in violation of 21

U.S.C. §§ 952(a) and 963 (count 1); (2) conspiracy to possess with intent to

distribute a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1)

and 846 (count 2); and possession with intent to distribute a detectable amount of

cocaine aboard a vessel, in violation of 46 U.S.C., App. 1903(a) and 17 U.S.C. § 2

(count 3).

Lundin proceeded to trial, and in June 1998, the jury found Lundin guilty on

all three counts.  The district court sentenced Lundin to three concurrent sentences

of 324 months' imprisonment and 5 years of supervised release.  Lundin appealed,

raising challenges to his convictions and sentences, including a challenge based on

Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000).  On October 4,

2001, this Court affirmed Lundin's convictions and sentences.  United States v.

Kirk, 275 F.3d 51 (11th Cir. 2001) (Table).  The Supreme Court denied certiorari.

Lundin v. United States, 535 U.S. 1098, 122 S. Ct. 2298 (2002).

_____

[1]Because Lundin filed his motion after the effective date of the Antiterrorism and Effective
Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), the provisions
of that act apply.

On September 26, 2002, Lundin filed the instant § 2255 motion. Lundin raised twenty-three grounds for relief, including a claim that his sentences violated Apprendi. On December 30, 2003, the magistrate judge issued a report recommending that the district court deny Lundin's § 2255 motion and on January 26, 2004, the district court adopted the magistrate judge's report in its entirety and denied Lundin's § 2255 motion. Lundin filed a motion in the district court for a COA, which the district court also denied.

On June 24, 2004, after the district court denied Lundin's § 2255 motion and motion for a COA, the Supreme Court decided Blakely. Blakely extended the rule in Apprendi and concluded that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 124 S. Ct. at 2537 (emphasis in original).

This Court initially denied Lundin's application for a COA. On August 12, 2004, however, this Court reconsidered its denial and granted Lundin's motion for a COA on the following issue: "Whether appellant is entitled to relief in light of

3

the Supreme Court's opinion in <u>Blakely v. Washington</u>, 542 U.S. __, 124 S. Ct. 2531 (2004)."[2]

On appeal, Lundin argues that the district court improperly determined drug quantity in his case and enhanced his sentence beyond the relevant statutory maximum in violation of <u>Blakely</u>.

When reviewing the denial of a § 2255 motion, this Court "review[s] questions of law de novo and findings of fact for clear error." <u>Varela v. United States</u>, 400 F.3d 864, 867 n.3 (11th Cir. 2005). In <u>Varela</u>, this Court held that "<u>Booker</u>'s [and <u>Blakely</u>'s] constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." <u>Id.</u> at 868. Accordingly, we affirm the denial of Lundin's § 2255 motion.

**AFFIRMED.**

---

[2]After we issued Lundin a COA, the Supreme Court further explained that the holding in <u>Blakely</u> applies to the Federal Sentencing Guidelines. <u>United States v. Booker</u>, 543 U.S. __, 125 S. Ct. 738 (2005). To the extent Lundin's appeal turns on the application of <u>Blakely</u>, it also turns on the application of <u>Booker</u>.