[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 21, 2005
THOMAS K. KAHN
CLERK

No. 04-15643
Non-Argument Calendar

_____

D.C. Docket Nos. 03-21976-CV-JLK
and 99-00896-CR-JLK

ERIVEAU ALCIDE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(July 21, 2005)

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Federal prisoner Eriveau Alcide, proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs this appeal because Alcide filed his motion after the effective date of the AEDPA. Because in Varela v. United States, 400 F.3d 864 (11th Cir. 2005) we determined that the rules announced in Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531 (2004) and United States v. Booker, 543 U.S. ___, 125 S.Ct. 738 (2005) do not apply retroactively to cases on collateral review, we AFFIRM.

## I. BACKGROUND

Alcide, who is serving a 188-month sentence for a drug-related offense, filed this § 2255 motion to vacate alleging ineffective assistance of counsel and various errors occurring at his plea colloquy and sentencing hearing. The magistrate judge recommended denial of Alcide's § 2255 motion. Alcide timely filed various objections to the magistrate judge's report that are not at issue here.

In his objections to the magistrate judge's report, Alcide argued that he is entitled to resentencing in light of the Supreme Court's decision in Blakely.[1]

---

[1]Alcide filed a motion for leave to file a supplemental brief in support of his Blakely argument before he filed his objections to the magistrate judge's report. However, before the district court ruled on whether to allow Alcide to file a supplemental brief, Alcide attempted to

2

According to the record, Alcide pled guilty to one count of conspiracy to possess with intent to distribute cocaine. The district court adopted the probation officer's findings in the presentence investigation report ("PSI") and sentenced Alcide based on the conclusion that his offense involved 65 kilograms of cocaine. Alcide maintained that his sentence would be lower if the court resentenced him under the rule in Blakely. Alcide further argued that retroactivity of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), and therefore Blakely, was not an issue in his case because his direct appeal was pending when Apprendi was decided.

The district court affirmed the magistrate judge's denial of Alcide's § 2255 motion. The court reasoned that it did not have authorization to hear Alcide's motion for resentencing because in In re Dean, 375 F.3d 1287 (11th Cir. 2004), we held that Blakely does not apply retroactively on collateral review. Alcide appealed, and we granted a certificate of appealability ("COA") as to the following issues on appeal: (1) "[w]hether Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and/or United States v. Booker, 543 U.S. __, 125

file the supplemental brief, followed by a motion to correct that brief and a motion to strike those corrections. The district court subsequently denied Alcide's motion to file a supplemental brief and, thus, Alcide's initial Blakely argument is found in his objections to the magistrate judge's report.

3

S.Ct. 738, [160] L.Ed.2d [621] (2005), are retroactively applicable to cases on collateral review"; and (2) "if so, whether the district court properly denied appellant's claim that his sentence was improperly enhanced based on drug quantity?" R1-27, 38.

## II. DISCUSSION

On appeal, Alcide argues that the rules from Booker are not barred by the non-retroactivity doctrine set forth in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060 (1989). Specifically, Alcide contends that, under a Teague analysis, the constitutional rule derived in Booker is not a new rule, but rather an extension of Apprendi. Even if the Booker constitutional rule is a new rule, Alcide argues that it is a "'watershed rule of criminal procedure'" and, thus, it will not be barred by the Teague non-retroactivity doctrine. Appellant's Br. at 21. Additionally, Alcide argues that the rule regarding the advisory nature of the federal Sentencing Guidelines from Justice Breyer's opinion in Booker is similarly not barred by the non-retroactivity doctrine because that rule is a new substantive rule that must be applied retroactively on collateral review. Alcide further argues that Blakely and Booker apply retroactively on collateral review as a matter of law or, in the alternative, as reaffirmations of Apprendi. Alcide concedes, in conclusion, that Varela controls in his case but contends that his arguments are presented to us "as

4

a first time argument for review by this panel for future <u>en banc</u> consideration."
<u>Id.</u> at 17.

We review questions of law <u>de novo</u> and questions of fact for clear error when reviewing the district court's denial of a § 2255 motion. <u>Varela</u>, 400 F.3d at 867 n.3. <u>De novo</u> review also "applies to the issue of whether a claim is barred by the non-retroactivity doctrine of <u>Teague</u>." <u>Id.</u>

The application of new rules of law to final convictions occurs only in limited circumstances. <u>Schriro v. Summerlin</u>, 542 U.S. __, __, 124 S.Ct. 2519, 2522 (2004). New substantive rules of law generally apply retroactively on collateral review. <u>Bousley v. United States</u>, 523 U.S. 614, 620-21, 118 S.Ct. 1604, 1610 (1998). Such substantive rules include decisions narrowing the scope of criminal statutes or constitutional rulings that place persons or conduct beyond the power of the state to punish. <u>See</u> <u>Schriro</u>, 542 U.S. at ___, 124 S.Ct. at 2522-23.

New rules of criminal procedure, however, generally do not apply retroactively. <u>Id.</u> at __, 124 S.Ct. at 2523. In <u>Teague</u>, the Supreme Court held that, "[u]nless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." <u>Teague</u>, 489 U.S. at 310, 109 S.Ct. at 1076. The first <u>Teague</u> exception states that "a new rule should be applied

5

retroactively if it places [particular conduct] beyond the power of the criminal law-making authority to proscribe." Id. at 311, 109 S.Ct. at 1076 (quotation omitted). The second Teague exception includes only new "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Schriro, 542 U.S. at ___, 124 S.Ct. at 2523 (quotation omitted). To fit within the second exception, the new rule "must be one without which the likelihood of an accurate conviction is seriously diminished." Id. (quotation omitted).

We first addressed the question of whether Blakely and Booker apply retroactively to § 2255 cases on collateral review in Varela.[2] The prisoner in Varela argued, as Alcide similarly argues in the instant case, that the drug quantity upon which the district court based his sentence was neither admitted by him nor proved to a jury beyond a reasonable doubt, as is required under Apprendi. Varela, 400 F.3d at 866. The prisoner contended in Varela, as Alcide does here, that he was entitled to resentencing in light of the Apprendi/Blakely/Booker line of decisions. Id. We determined that "Booker's constitutional rule falls squarely

---

[2]We have also decided two cases raising the same issue since deciding Varela. In Garfield v. United States, ___ F.3d ___ (11th Cir. 2005) and Lundin v. United States, ___ F.3d ___ (11th Cir. 2005), on facts similar to the instant case, we followed the rule in Varela and held that Booker did not apply retroactively to § 2255 cases on collateral review.

6

under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Id. at 868.

Here, Alcide argues that the new Booker rule is a "watershed rule of criminal procedure" and, as such, should apply retroactively to his case on collateral review. Appellant's Br. at 21-24. However, as we decided in Varela, Booker's new rule is not a "watershed rule of criminal procedure" and does not retroactively apply to § 2255 cases. Varela, 400 F.3d at 868. Alcide concedes that Varela controls in his case but contends that his arguments are presented to us "as a first time argument for review by this panel for future en banc consideration." Appellant's Br. at 17. Given that Varela is directly on-point in this case, we are bound by its decision. Because Blakely and Booker do not apply retroactively on collateral review, we need not address the second question in Alcide's COA.

It is noteworthy that in the district court's order denying Alcide's § 2255 motion, the court relied on In re Dean for the proposition that it did not have the authority to hear Alcide's motion for resentencing because we held in In re Dean that Blakely does not apply retroactively to cases on collateral review. While the court's ultimate determination that Blakely does not apply retroactively to cases on collateral review is correct, its reliance on In re Dean is misplaced. In In re Dean, the Applicant was seeking a grant of authorization to file a second or successive §

7

2255 motion to vacate. In re Dean, 375 F.3d at 1288. We held that Blakely could not be applied retroactively to support the application because the Supreme Court itself had not declared that Blakely applied retroactively. Id. at 1290. The In re Dean panel did not decide, however, whether Blakely applies retroactively in an initial § 2255 motion. See generally id. In the instant case, Alcide is filing his initial § 2255 motion, not a second or successive motion. Therefore, our holding in In re Dean is not applicable to the instant case because the facts here are distinguishable from those in In re Dean. However, despite the district court's reliance on In re Dean, we may still affirm its decision. See Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1433 n.9 (11th Cir. 1998) (concluding that "[this Court] may affirm the district court's decision for reasons different than those stated by the district court").

## III. CONCLUSION

In his first motion pursuant to 28 U.S.C. § 2255, Alcide moves us to apply the rules announced in Blakely and Booker retroactively to his motion. We have previously held in Varela v. United States, supra, to the contrary and thus bound to affirm the district court's denial of his motion, albeit on a somewhat different basis.

**AFFIRMED.**

8