JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-Appellant, Frank J. Webb, appeals pro se from the judgment of the Common Pleas Court denying his motion to vacate and modify his sentence. For the reasons that follow, we reverse and remand.
 {¶ 2} The record reflects that in 1989, Webb and his co-defendant, Merl Sharpley, were jointly indicted in two separate cases for offenses arising out of three armed robberies and a shooting. The cases were consolidated for trial. After a jury trial, Webb was convicted of five counts of aggravated robbery, three counts of kidnapping, felonious assault, attempted murder, possession of a dangerous ordnance, and having a weapon while under disability.
 {¶ 3} On appeal, this court reversed Webb's and Sharpley's convictions for the firearm specification appurtenant to the conviction for the aggravated robbery which occurred on January 31, 1989, and reversed Webb's conviction for felonious assault. We affirmed the remaining convictions. State v. Webb (Jan. 2, 1992), Cuyahoga App. Nos. 59544/59626/59627.
 {¶ 4} In light of this court's decision reversing two of his convictions, Webb subsequently filed a motion to vacate and modify his sentence, which the trial court denied. This appeal followed.
 FAILURE TO CONDUCT A RESENTENCING HEARING {¶ 5} In his first assignment of error, Webb contends that the trial court erred in failing to conduct a resentencing hearing pursuant to this court's decision reversing his conviction on the firearm specification appurtenant to the conviction for aggravated robbery which occurred on January 31, 1989, and his felonious assault conviction.
 {¶ 6} The State concedes this error, but argues that the matter should be remanded for resentencing only on the reversal of the firearm specification on the aggravated robbery conviction and the reversal on the felonious assault conviction. The State contends that a "completely new sentencing hearing" is not necessary. We disagree.
 {¶ 7} As this court previously stated in State v. Gray,
Cuyahoga App. Nos. 81474, 2003-Ohio-436, at ¶ 12:
 {¶ 8} "The court of appeals does not have the power to vacate just a portion of a sentence. State v. Bolton (2001),143 Ohio App.3d 185, 188-189. Therefore, when a case is remanded for resentencing, the trial court must conduct a complete sentencing hearing and must approach resentencing as an independent proceeding complete with all applicable procedures. See Bolton,
supra at 188-189. See, also, State v. Steimle, Cuyahoga App. Nos. 79154 and 79155, 2002-Ohio-2238."
 {¶ 9} Furthermore, this court has recognized that trial judges customarily view the sentence as a package in which the trial judge balances various parts to arrive at the desired end.State v. Moore, Cuyahoga App. No. 83703, 2004-Ohio-6303, at ¶34. Thus, on remand, trial judges should have the opportunity to move within the prescribed range of possible sentences.
 {¶ 10} The Tenth District explained this principle as follows:
 {¶ 11} "The sentence package doctrine provides that, when a defendant is sentenced under a multi-count indictment and the sentences imposed on those counts are interdependent, the trial court has the authority to reevaluate the entire aggregate sentence, including those on the unchallenged counts, on remand from a decision vacating one or more of the original counts. Inthe Matter of Fabiaen L. Mitchell (June 28, 2001), Franklin App. No. 01AP-74. The underlying theory is that, in imposing a sentence in a multi-count conviction, the trial court typically looks to the bottom line, or the total number of years. Id. Thus, when part of a sentence is vacated, the entire sentencing package doctrine becomes `unbundled,' and the trial judge is, therefore, entitled to resentence a defendant on all counts to effectuate its previous intent. Id." State v. Jackson, 2004-Ohio-1005, at ¶ 5, Franklin App. No. 03AP-698.
 {¶ 12} Accordingly, upon remand, the trial court is to conduct a complete sentencing hearing upon resentencing Webb.
 {¶ 13} Appellant's first assignment of error is sustained.
 SENTENCING ON THE FIREARM SPECIFICATIONS {¶ 14} In his second assignment of error, Webb argues that the trial court erred in sentencing him under former R.C.2929.71(B) to consecutive three-year terms on the firearm specifications because it did not find that any of the felonies were committed as part of the same act or transaction. Former R.C. 2929.71(B) provided that if a defendant were found guilty of one or more felonies and two or more firearm specifications, the firearm specifications were to be served consecutively, unless the felonies were part of the same act or transaction. Webb argues that the trial court erred in sentencing him to four consecutive three-year terms on the firearm specifications because the jury did not consider whether any of the felonies were committed as part of the same act or transaction.
 {¶ 15} Webb's argument, however, is barred by the doctrine of res judicata. Under the doctrine of res judicata, a final judgment of conviction bars a defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or an appeal from that judgment. State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. "Res judicata may be applied to bar further litigation of issues that were raised previously or could have been raised previously in an appeal." State v.Houston (1995), 73 Ohio St.3d 346, 347, citing Perry, supra.
 {¶ 16} Webb filed a direct appeal of his conviction and could have raised any sentencing errors on appeal. Accordingly, his argument is barred by the doctrine of res judicata.
 {¶ 17} Appellant's second assignment of error is therefore overruled. BLAKELY ISSUE
 {¶ 18} In his third assignment of error, Webb contends that the imposition of consecutive sentences for the firearm specifications violates the United States Supreme Court's recent decision in Blakely v. Washington (2004), ___ U.S. ___,124 S.Ct. 2531, 159 L.Ed.2d 403, because the jury did not determine whether the underlying offenses were part of the same act or transaction, a fact allegedly exposing him to an enhanced penalty beyond the statutory maximum. Webb's argument is without merit.
 {¶ 19} Webb was sentenced on March 15, 1990, nearly 15 years before the United States Supreme Court decided Blakely. Since the decision in Blakely was announced, numerous federal courts have declined to apply Blakely retroactively. See, e.g., In reDean (C.A.11, 2004), 375 F.3d 1287; Cuevas v. Derosa (C.A.1, 2004), 386 F.3d 367; United States v. Stoltz (D.Minn. 2004),325 F.Supp.2d 982; United States v. Stancell (D.D.C. 2004),346 F.Supp.2d 204; United States v. Traeger (N.D.Ill. 2004),325 F.Supp.2d 860; Patterson v. United States (E.D.Mich, June 25, 2004), 2004 U.S. Dist. LEXIS 12402.
 {¶ 20} As explained by the Eleventh Circuit Court of Appeals:
 {¶ 21} "For a new rule to be retroactive to cases on collateral review * * *, the Supreme Court itself must make the rule retroactive. * * * Additionally, the Supreme Court does not make a rule retroactive through dictum. Multiple cases can, together, make a rule retroactive, but only if the holdings in those cases necessarily dictate retroactivity of the new rule.
 {¶ 22} "* * * [T]he Supreme Court has not expressly declaredBlakely to be retroactive to cases on collateral review. Moreover, no combination of cases necessarily dictate retroactivity of the Blakely decision. Blakely itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review. The same day the Supreme Court decided Blakely, the Court also issued its decision in Schriro v. Summerlin, ___ U.S. ___,124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), holding that Ring v. Arizona,536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of Apprendi to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. * * * Because Blakely, like Ring,
is based on an extension of Apprendi, [defendant] cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review." In re: Dean, supra.
 {¶ 23} Webb's third assignment of error is therefore overruled.
Reversed and remanded.
This cause is remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., Concurs. Gallagher, P.J., Concurs in part anddissents in part with separate concurring and dissentingopinion.
 CONCURRING AND DISSENTING OPINION