{¶ 12} I concur in judgment only because I would find that, there being no mechanism under R.C. 2953.08 for raising sentencing issues outside of an appeal, Lorenzi's motion must be considered a petition for postconviction relief. Since he filed the motion outside the time limits of R.C. 2953.23(A)(1), he had to show that "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right * * *." In State v. Webb, Cuyahoga App. No. 85318, 2005-Ohio-3839, at ¶ 22, the panel held that the United States Supreme Court has not expressly declared Blakely to be retroactive to cases on collateral review, and declined to do so on its own. Because I agree with Webb and note that none of the federal courts have appliedBlakely retroactively, I would find that Blakely cannot be applied retroactively and as a consequence, Lorenzi did not meet the requirements of R.C. 2953.21(A) to file his petition for postconviction relief out of rule.