JOURNAL ENTRY and OPINION
{¶ 1} In 2002, a jury found defendant Bentley Axson guilty of kidnapping, rape, aggravated robbery, felonious assault and attempted murder. The counts all contained firearm specifications. By journal entry, the court imposed a term of postrelease control, but failed to advise Axson of that fact at sentencing. On appeal, a panel of this court affirmed Bentley's conviction and sentence, but ordered that postrelease control be vacated. See State v. Axson, Cuyahoga App. No. 81231, 2003-Ohio-2182. The state appealed that portion of the ruling to the Ohio Supreme Court. In State v. Axson, 104 Ohio St.3d 248, 2004-Ohio-6396, the supreme court reversed and remanded this court's decision to vacate postrelease control on authority of State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085. The syllabus to Jordan states:
 {¶ 2} "1. When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence.
 {¶ 3} "2. When a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing."
 {¶ 4} On remand, the state suggested to the court that it need not conduct a full resentencing because the initial sentence had been the law of the case. The state noted that Axson had tried to appeal his conviction and sentence to the supreme court, but that the supreme court denied jurisdiction for an appeal. Axson disagreed with the state's suggestion that the law of the case doctrine applied on grounds thatBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, applied on a retroactive basis and would change sentencing procedures. Axson also told the court that his initial sentence was unfair in light of a lesser sentence handed out to an accomplice. The court agreed with the state and reincorporated its initial sentence, specifically noting that it sentenced Axson differently from the accomplice because of differing degrees of involvement and culpability. It then imposed a term of postrelease control.
 {¶ 5} At the same time, Axson filed a petition for postconviction relief in which he raised claims relating to medical records showing that the victim denied to medical personnel that she had been sexually assaulted; counsel's failure to conduct an independent examination of the crime scene; and the withholding of exculpatory evidence related to the victim's statements to medical personnel. The court denied the petition without a hearing and without opposition from the state.
 {¶ 6} This appeal raises issues relating to both the resentencing and postconviction relief petitions.
 I. Resentencing {¶ 7} Axson's issues raised under Blakely are moot. In State v. Lett,161 Ohio App.3d 274, 2005-Ohio-2665, 829 N.E.2d 1281, we held thatBlakely did not apply to Ohio's sentencing scheme. Moreover, in State v.Webb, Cuyahoga App. No. 85318, 2005-Ohio-3839, at ¶ 22, the panel held that the United States Supreme Court has not expressly declared Blakely
to be retroactive to cases on collateral review, and declined to do so on its own. Consequently, any issue relating to the application of the law of the case doctrine is of no moment.
 {¶ 8} There is, however, some concern over the manner in which the court resentenced Axson. At the resentencing hearing, the court incorporated the findings it made when first sentencing Axson. It has been argued that the court acted improperly by doing so, for some panels of this court have held that when a case is remanded for resentencing, the trial court must conduct a complete sentencing hearing and must approach resentencing as an independent proceeding complete with all applicable procedures. See State v. Bolton (2001), 143 Ohio App.3d 185,188-189, 757 N.E.2d 841; State v. Steimle, Cuyahoga App. Nos. 79154 and 79155, 2002-Ohio-2238. This position would follow from the mandate set forth in Jordan, in which the supreme court vacated the sentence and remanded for resentencing.
 {¶ 9} We believe that the resentencing in this case fulfilled the obligation to conduct a new sentencing hearing. Axson was present with counsel and afforded the right to allocution as required by Crim.R. 32(A). While counsel objected to the length of Axson's sentence as compared to that of an accomplice, Axson did not object when the court announced its intention to reincorporate its previous findings — none of which had been found to be erroneous on direct appeal. See Axson,
2003-Ohio-2182 at ¶¶ 141-147. By specifically reincorporating its earlier findings, all of which were deemed proper on appeal, the court satisified its obligation to set forth findings and reasons for the prison terms it imposed. Axson's failure to object to the incorporation of earlier findings constitutes a waiver of the right to complain on appeal.
 {¶ 10} We are mindful that in Jordan, the supreme court vacated Axson's entire sentence and remanded for resentencing. We find that the court's incorporation of prior proceedings, in addition to the right of allocution and the opportunity to argue relevant aspects of the sentence, meant that the court fully complied with the remand for resentencing.
 {¶ 11} Even if we were to find some error in the court's incorporation of prior sentencing findings upon resentencing, we do not believe the circumstances are such that we should recognize it as plain error. Crim.R. 52(B) states that plain error "may" be noticed, and our discretion to do so in cases involving sentencing is well-established. See State v. Comen (1990), 50 Ohio St.3d 206, 211. The court's decision to reimpose the same sentence would surely suggest that it would not change its mind during a third sentencing, thus the outcome would be no different for Axson.
 II. Postconviction Relief {¶ 12} Axson's sole assignment of error relating to his petition for postconviction relief is that the court erred by denying the requested relief without first conducting a hearing.
 {¶ 13} A petitioner is entitled to postconviction relief under R.C.2953.21 only if the court can find that there was such a denial or infringement of the petitioner's rights as to render the judgment void or voidable under the Ohio or United States Constitutions. State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph four of the syllabus. When a petition for postconviction relief fails to allege facts which, if proved, would entitle the petitioner to relief, the trial court may so find and summarily dismiss the petition. Perry, supra, paragraph two of the syllabus; State v. Pankey (1981), 68 Ohio St.2d 58,428 N.E.2d 413; State v. Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819.
 {¶ 14} The court did not err by dismissing the petition for postconviction relief without a hearing because Axson failed to file his petition in a timely manner. Under R.C. 2953.21(A)(2), Axson had to file his petition no later than 180 days after the date on which the trial transcript was filed in the court of appeals in the direct appeal. That filing occurred on June 10, 2002. Axson did not file his petition until January 21, 2005, so he was far out of rule.
 {¶ 15} Under some circumstances, the court may accept a late filing if the petitioner can make an affirmative showing that he was unavoidably prevented from the discovery of facts upon which he relies for his claim for relief or that during a period subsequent to the 180-day period, the United States Supreme Court recognized a new federal or state right that would apply retroactively to him and he asserts a claim under that right. See R.C. 2953.23(A)(1).
 {¶ 16} Axson did not demonstrate any of the requirements necessary to justify his late filing. Because of this failure, the court acted properly by summarily denying the claims for relief.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., concurs.
 Cooney, J., concurs in part and dissents in part with separateopinion.
 CONCURRING AND DISSENTING OPINION