OPINION
{¶ 1} Defendant-appellant, Shawn E. Lipsey, appeals from the May 31, 2006 denial of his second petition for post-conviction relief filed in the Franklin County Court of Common Pleas.
 {¶ 2} Appellant was charged in a 20-count indictment with six counts of aggravated robbery, felonies of the first degree, six counts of robbery, felonies of the second degree, and six counts of robbery, felonies of the third degree. Counts 1, 4, 7, 10, 13 and 16 of the indictment alleged aggravated robbery of six different victims. The second and third degree robbery counts were included as lesser offenses of the six aggravated robbery counts. Count 19 of the indictment charged appellant with kidnapping the six aggravated robbery victims while Count 20 of the indictment charged appellant with kidnapping a seventh victim. All counts included specifications that appellant used a firearm while committing the offenses.
 {¶ 3} On January 30, 2002, with counsel, appellant entered a negotiated plea of guilty to Count 1 of the indictment, aggravated robbery, a felony of the first degree, and to the firearm specification to that count. The parties jointly recommended that appellant be sentenced to a term of seven years for the aggravated robbery with the mandatory consecutive three-year term added for using a firearm in the crime. A nolle prosequi was entered to the remaining counts as part of the negotiated plea.
 {¶ 4} The court imposed the jointly recommended sentence of seven years for aggravated robbery with the mandatory consecutive term of three years on the firearm specification for a total of ten years in prison. The sentence was journalized and filed with the clerk of courts on February 1, 2002. No appeal was taken from this judgment.
 {¶ 5} On September 7, 2005, appellant filed a petition for post-conviction relief in the trial court claiming he was entitled to relief under R.C. 2953.21, the Ohio Post-Conviction statute.[1] The form petition claimed that the trial court improperly imposed a non-minimum consecutive sentence in violation of Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531. The state opposed the petition, which was denied by the trial court on November 15, 2005.[2]
No appeal was taken from the denial of this first petition for post-conviction relief.
 {¶ 6} On April 11, 2006, appellant filed a second petition for post-conviction relief under R.C. 2953.21. In this second petition, appellant claimed he was entitled to be re-sentenced pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The state filed a response and the trial court denied the petition by decision and entry filed May 31, 2006. On June 16, 2006, appellant filed a notice of appeal to this court. This appeal involves only the second petition for post-conviction relief.
 {¶ 7} Appellant raises a single assignment of error:
 THE COURT ERRED BY DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WHEN THE DEFENDANT PROVED THAT POST CONVICTION WAS THE PROPER REMEDY, PETITION WAS TIMELY FILED, AND DEFENDANT PRESENTED PROVED GROUNDS OF SENTENCE BEING CONTRARY TO LAW, AND THERE-FORE WAS A DUE PROCESS VIOLATION; AND BY SUCH DENIAL CREATES INEQUITY WHICH CONSTITUTED MANIFEST INJUSTICE.
 {¶ 8} In Ohio, R.C. 2953.21 governs collateral attack upon a criminal conviction. Collateral attack under that statute is limited to errors of constitutional dimension. Errors in the application of statutes or procedural rules are not cognizable in proceedings under R.C. 2953.21.
 {¶ 9} The time within which a collateral attack may be brought under R.C. 2953.21 is limited by the terms of the statute. In general, a petition for post-conviction relief must be filed within 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal from the conviction. If no direct appeal is taken, the petition must be filed within 180 days after the expiration of the time for direct appeal. R.C. 2953.21(A)(2).
 {¶ 10} In appellant's case, the sentencing entry was filed on February 1, 2002. Appellant filed his first petition for post-conviction relief on September 7, 2005, approximately three years after the expiration of the time for direct appeal. Appellant's first collateral attack was filed well after the time limits prescribed by R.C. 2953.21(A). His second petition for post-conviction relief, the subject of this within appeal, was not filed until April 11, 2006.
 {¶ 11} In general, a court lacks jurisdiction to entertain a petition filed after the time limits of R.C. 2953.21(A)(2). The timeliness requirements of R.C. 2953.21(A)(2) are tempered to a degree by a narrow exception contained in R.C. 2953.23(A)(1). That section provides, in pertinent part, as follows:
 Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 * * *
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
The only relevant portion of the statutes is that which deals with recognition of a new constitutional right by the United States Supreme Court.
 {¶ 12} Appellant's second petition alleged that he was improperly sentenced to more than the minimum term of imprisonment for his offense. Although couched as a claim under Foster, by raising Foster as authority for his sentencing claim, it is clear that appellant's claim is one of constitutional dimension arising under Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348 and Blakely, supra.[3]
 {¶ 13} To vest a trial court with jurisdiction to consider an otherwise untimely petition for post-conviction relief, a petitioner must demonstrate that one of the exceptions contained in R.C. 2953.23(A) applies. State v. Hamilton, Franklin App. No. 03AP-852, 2004-Ohio-2573. If the petitioner fails to meet that burden, R.C. 2953.21(A)(2) continues to apply and the trial court lacks jurisdiction to consider the petition.
 {¶ 14} One of the exceptions to the time limitation for filing a petition under R.C. 2953.21 occurs if, subsequent to the period within which a petition must be filed, "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1). Appellant believes thatFoster and, by logical extension, Blakely, apply to his case and that his right to trial by jury was denied when the trial court sentenced him to consecutive sentences that exceeded the minimum sentence provided by statute. Appellant's reliance upon Foster and Blakely is misplaced.
 {¶ 15} In Foster, the Ohio Supreme Court relied upon Blakely to find certain portions of the Ohio sentencing statutes unconstitutional. InBlakely, the United States Supreme Court applied existing law announced in Apprendi. Blakely did not recognize a new federal or state constitutional right. State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095. Because Blakely did not announce a new right, the exception provided in R.C. 2953.23(A)(1)(a) is not applicable and does not excuse appellant's failure to meet the time requirements of R.C. 2953.21(A)(2).
 {¶ 16} Even if Blakely had recognized a new federal or state right,Blakely is not applied retroactively to persons in appellant's situation. Appellant mounted a collateral attack upon his conviction, which had become final after the time for filing an appeal as of right had expired. Blakely does not apply retroactively to cases which seek collateral review of a conviction that has become final. In re Dean
(C.A.11, 2004), 375 F.3d 1287. The Eighth District of the Ohio Court of Appeals also has held that Blakely does not apply retroactively to claims presented under R.C. 2953.21. See State v. Webb, Cuyahoga App. No. 85318, 2005-Ohio-3839, citing In re Dean, supra; Cuevas v.Derosa (C.A.1, 2004), 386 F.3d 367; United States v. Stoltz (D.Minn. 2004), 325 F.Supp.2d 982; United States v. Stancell (D.D.C. 2004),346 F.Supp.2d 204; United States v. Traeger (N.D. Ill. 2004),325 F.Supp.2d 860.
 {¶ 17} We agree with the reasoning of both In re Dean andWebb. The Blakely decision does not apply retroactively to cases on collateral review. Therefore, even if Blakely had recognized a new right, that decision is not applicable to appellant's collateral attack upon his conviction and sentence.
 {¶ 18} In conclusion, appellant has failed to show that his petition for post-conviction relief, untimely under R.C. 2953.21(A)(2), falls within either of the exceptions contained in R.C. 2953.23(A). Because appellant's petition was time-barred, the trial court lacked jurisdiction to consider the petition for post-conviction relief. Therefore, appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KLATT, P.J., and PETREE, J., concur.
[1] The petition appears to be a form that includes a generic argument claiming constitutional error under Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531. The form has blank spaces for insertion of the inmate's name and case specifics.
[2] The trial judge referred to the petition as a "motion to modify or reduce * * * sentence pursuant to R.C. § 2929.14." However, it is clear that appellant had sought relief under R.C. 2953.21.
[3] Foster was based on the Sixth Amendment decision ofBlakely, supra.