JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Bentley Axson, appeals his sentence from the Cuyahoga County Court of Common Pleas. Finding no error, we affirm.
 {¶ 2} In 2002, Axson was convicted of kidnapping with firearm specifications, rape with firearm specifications, aggravated robbery with firearm specifications, felonious assault with firearm specifications, attempted murder with firearm specifications, and two counts of having a weapon while under disability. He was sentenced to an aggregate term of 27 years in prison, consisting of consecutive sentences. Axson has appealed his conviction and sentence several times. See State v. Axson (May 1, 2003), Cuyahoga App. No. 81231, 2003-Ohio-2182 (conviction affirmed; post-release control vacated);State v. Axson, 104 Ohio St.3d 248, 2004-Ohio-6396 (Supreme Court remanded to trial court for resentencing); State v. Axson,99 Ohio St.3d 1517, 2003-Ohio-4009 (Axson's cross-appeal dismissed); State v.Axson, Cuyahoga App. No. 86029, 2005-Ohio-6342 (sentence affirmed);In re Ohio Criminal Sentencing Statutes Cases, 109 Ohio St.3d 509,2006-Ohio-2721 (reversed and remanded for resentencing in accordance with State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856).
 {¶ 3} On October 15, 2007, the trial court held a resentencing hearing pursuant to the order of the Ohio Supreme Court. The trial court imposed an aggregate sentence of 27 years in prison. Axson appeals that sentence, advancing one assignment of error for our review, which states the following: *Page 3 
 {¶ 4} "Mr. Axson must receive an aggregate sentence that consists of minimum and concurrent terms of imprisonment on each count, plus a three-year sentence for the merged firearm specifications, and thus the total sentence must be six years."
 {¶ 5} Axson argues that the Foster remedy cannot be applied to him because his criminal conduct preceded the Foster decision. He contends that applying Foster retroactively violates his due process rights. Axson acknowledges that we have routinely rejected this argument; however, he urges us to overrule our decision in State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, and its progeny.
 {¶ 6} We decline to overrule our decision in Mallette, and again we find that the retroactive application of Foster's remedial provisions does not violate Axson's due process rights. Accordingly, his sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 4 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., J., and KENNETH A. ROCCO, J., CONCUR. *Page 1